236 So.2d 1 (1970)
SHELBY MUTUAL INSURANCE COMPANY OF SHELBY, OHIO, Petitioner/Relator,
v.
Tillman PEARSON, Chief Judge, Norman Hendry, Charles A. Carroll, Thomas H. Barkdull, Jr., and Richard H.M. Swann, Judges of the District Court of Appeal of Florida, Third District, and Raymond Cloud, Respondents.
No. 39225.
Supreme Court of Florida.
May 20, 1970.
*2 Edward A. Perse, of Carey, Dwyer, Austin, Cole & Selwood, Miami, for petitioner-relator.
Horton & Schwartz and Knight, Underwood, Peters, Hoeveler & Pickle, Miami, for respondents.
DREW, Justice.
The petitioner Shelby Mutual Insurance Company of Shelby, Ohio, seeks issuance of a Writ of Mandamus directing the district Court of Appeal, Third District, to reinstate and decide on the merits an appeal dismissed by order of that court. The jurisdiction of this Court has been properly invoked under Article V, Section 4, of the Florida Constitution, F.S.A., and Florida Appellate Rules 2.1, subd. a (5) and 4.5, subd. b, 32 F.S.A., permitting this Court to issue writs of mandamus to our district courts of appeal.
We dispose of the petition by determining whether the respondents, the Chief Judge and Judges of the District Court of Appeal, Third District, properly dismissed for lack of jurisdiction[1] an appeal from a summary final judgment which was purportedly set aside by the trial court on motion filed after expiration of ten days from entry and rendition of the judgment and after denial of a petition for rehearing thereon.
After consideration of the Return to the alternative writ and arguments and briefs on behalf of both parties, we conclude that the appeal should not have been dismissed and must be reinstated.
The procedural problem before us has arisen from the following sequence of events. The petitioner insurance company was the defendant in a circuit court action in which its insured sought recovery for an alleged breach of duty to exercise good faith. The trial court entered a summary final judgment in favor of the defendant insurer on September 4, 1969. A petition for rehearing to set aside the summary final judgment was timely filed on September 15, 1969 (the ten day filing period under Florida Rule of Civil Procedure 1.530, 31 F.S.A. having ended on Sunday, September 14, 1969). On September 18, 1969, the trial court entered an order denying plaintiff's petition for rehearing.
On October 6, 1969, thirty-two days after entry of the summary final judgment and eighteen days after entry of the order denying the petition for rehearing, plaintiff filed a "Motion for Re-consideration," asking the trial court to reconsider the merits of the petition for rehearing. The trial court on October 17, 1969, entered an "Order Setting Aside Summary Final Judgment and Order Denying Petition for Rehearing and Denying Motions for Summary Judgment." In the order the trial court concluded that it had incorrectly entered the summary final judgment and denied without argument plaintiff's petition for rehearing, for the reason that the cause presented issues for determination by a jury. The order set aside the September 4th summary final judgment, set aside the September 18th order denying petition for rehearing, and denied both plaintiff's and defendant's motions for summary judgments.
After having apparently succeeded in having the trial court set aside the summary final judgment in defendant's behalf, the plaintiff then on October 20, 1969, timely filed a "Notice of Appeal from the Summary Final Judgment" and from the *3 denial of the petition for rehearing.[2] The plaintiff proceeded to file assignments of error directed toward entry of the summary final judgment and the defendant filed cross-assignments of error directed to the order of October 17, 1969, purporting to set aside the summary judgment.
The plaintiff then filed a "Suggestion of Lack of Jurisdiction," suggesting that the district court was without jurisdiction of his own appeal because "the judgment appealed from has been set aside by a valid order of the Trial Court." Plaintiff admitted in its suggestion that it had filed the appeal from the summary judgment in the event the order setting it aside was invalid. The district court granted the suggestion and ordered that the appeal from the summary final judgment be dismissed, relying upon this Court's decision in Floyd v. State ex rel. La Vigne Electric Co.[3] Once the district court dismissed the appeal, defendant was left without remedy to review the standing, but invalid, order of the trial court setting aside the summary judgment in defendant's behalf.
One of the goals of our system of jurisprudence is that litigation be finally terminated as quickly as due process and necessary reflection allows. To this end, we have provided in Florida Rule of Civil Procedure 1.530 that motions and petitions for correction of error by the trial court be made within ten days after rendition of the judgment or order.[4] Unless a proper motion or petition is filed within the allotted time, the judgment or order of the trial court becomes absolute. Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment.[5] If a motion to alter or vacate is timely filed, or if the trial court acts timely on its own initiative pursuant to Rule 1.530, the trial court's jurisdiction continues until the motion or petition is disposed of, or the rehearing or new trial is conducted, assuming one is ordered.
Respondent's sole contention is that the trial court possesses the power and jurisdiction to correct its own judgments at any time prior to expiration of the *4 thirty-day appeal time. No argument has been made that the trial court here has acted on the "Motion for Re-consideration" under the provision of Florida Rule of Civil Procedure 1.540, allowing relief from judgments, decree or orders for clerical mistakes or other reasons listed in Section "b" thereof. Indeed this rule was not intended to cover the situation at bar where the trial court reconsidered the legal propriety of the previously entered summary judgment.
By expressly citing Floyd v. State ex rel. La Vigne Electric Co.,[6] it is evident that the district court has been misled by or has misinterpreted the meaning of that decision. As we pointed out in Kippy Corp. v. Colburn,[7] in Floyd we were considering the power of the trial court to correct errors in entry of a summary judgment, when the Rules only made provision for correcting orders other than summary in character. Now that Rule 1.530 specifically allows appropriate motions and petitions to correct summary judgments, the Rule, and the ten-day time limitation therein, controls and preempts any prior case law rendered in absence of controlling statute or rule.
The plaintiffs in Floyd had filed a timely motion for rehearing, and the trial court without waiting for the parties to act set the motion down for argument. Upon reargument, the trial court vacated the summary orders previously entered. In Kippy Corp. we restricted the holding of Floyd to the specific circumstances then before the court, and, in order to prevent any mis-interpretation of the Floyd case, we specifically held that "a trial court has no authority to modify, amend or vacate a final order, except in the manner and within the time provided by rule or statute * * *."[8]
The argument that the time in which an appeal must be taken has anything to do with the jurisdiction of the trial court is without merit. The trial court in this cause lost jurisdiction to consider the merits of the cause upon entering the order of September 18, 1969, denying plaintiff's petition for rehearing. The trial court had no jurisdiction to consider plaintiff's "Motion for Reconsideration," and its order of October 17, 1969, purporting to set aside the summary final judgment was null, void, and completely without effect.
Thus when plaintiff timely filed his notice of appeal on October 20, 1969, the district court had before it only one valid order or judgment for review, the summary final judgment of September 4, 1969. The district court erred when it dismissed the appeal upon appellant's suggestion, once appellee had filed its cross-assignments of error.[9]
The district court is hereby directed to quash, nunc pro tunc, the order of the trial court of October 17, 1969, reinstate the appeal, and make proper disposition thereof on the merits.
It is so ordered.
ROBERTS, ADKINS and BOYD, JJ., concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting).
Despite the excellent discussion of the rules and the reasoning employed in the *5 majority opinion to justify a holding that a trial judge is no longer authorized on his own motion to enter an order vacating his judgment for mistake or invalidity found by him during the time for taking an appeal, I believe it is jurisdictionally improper not to allow a judge to exercise authority at trial level to correct what he considers to be mistake or invalidity of form or substance in his judgment or decree prior to expiration of the time for taking an appeal or before one is in fact taken. Floyd v. State ex rel. La Vigne Electric Co. (Fla.), 139 So.2d 873.
It is well known that courts have long followed this practice. This was so at common law and I do not find it has been modified by modern practice rules. This practice is so historically fundamental and jurisdictional it should not be reasoned away by strict construction of modern practice rules. Here at the Supreme Court level, we have sometimes modified our judgments before our mandates went down, even though no petitions for rehearing were filed. We have even recalled mandates within the current term of court soon after they were sent down, even though the time for rehearing had expired.
Admittedly, it is one of the goals of our jurisprudence to terminate litigation as quickly as procedural due process allows. However, it is even more important to substantive due process that litigation be terminated correctly and that judicial mistakes or invalidity be eliminated at source as soon as possible after they are found. A trial judge may be in a better position to recognize a mistake or invalid act in his judgment and correct it, than is an appellate court which is sometimes restricted to a very limited area of review. To timely facilitate this salutary corrective purpose at source, a trial judge should not be denied the power to correct mistakes or invalidity in his judgments or decrees before the prescribed time for taking an appeal or seeking a review has expired, or the proper appellate court has assumed jurisdiction to review the case.
It appears to me that Rule 1.540(a), (b), F.R.C.P., realistically construed, grants this authority and that Rule 1.530, F.R.C.P., does not deny it.[1] Rule 1.540(a), (b), permits a trial judge on his own motion to timely correct mistakes of form or substance and invalidity in his judgments. That construction accords with long-adhered-to traditional jurisdictional practice and should be preserved to better serve the ends of justice.
NOTES
[1] Cloud v. Shelby Mutual Insurance Co. of Shelby, Ohio, 227 So.2d 911 (3rd Dist. Ct.App.Fla. 1969).
[2] The 18th day of October having come on a Saturday, the Notice of Appeal was timely filed within 30 days of the trial court's September 18, 1969, order denying the petition for rehearing. Florida Appellate Rule 3.2, subd. b.
[3] 139 So.2d 873 (Fla. 1962).
[4] Rule 1.530, Florida Rules of Civil Procedure:

"(a) JURY AND NON-JURY ACTIONS. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
"(b) TIME FOR MOTION. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
* * * * *
"(d) ON INITIATIVE OF COURT. Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
* * * * *
"(g) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment except that this rule does not affect the remedies in Rule 1.540(b)." [Emphasis added.]
[5] Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965); Lee v. Elliott, 155 So.2d 169 (3rd Dist.Ct.App.Fla. 1963); and State ex rel. Huntley Bros., Inc. v. Gooding, 149 So.2d 55 (1st Dist.Ct.App.Fla. 1963). See also Kaufman v. Sweet et al. Corp., 144 So.2d 515 (3rd Dist.Ct. App.Fla. 1962), cert. denied, 156 So.2d 846 (Fla. 1963); and Cortina v. Cortina, 98 So.2d 334 (Fla. 1957).
[6] 139 So.2d 873 (Fla. 1962).
[7] 177 So.2d 193 (Fla. 1965).
[8] Kippy Corp. v. Colburn, 177 So.2d 193, 199 (Fla. 1965).
[9] Fla.App.R. 3.13, subd. b.: "Voluntary Dismissal of Causes. The moving party in any proceedings, original or appellate, may procure dismissal of such proceedings at any time by filing with the clerk of the Court a notice for dismissal. Where the opposing party or parties have filed responsive pleadings or assignments of error or cross-petition, such notice for dismissal shall be by all such parties." See generally, Thompson v. Filer, 99 Fla. 539, 126 So. 766 (1930), and Gaskins v. Mack, 91 Fla. 284, 107 So. 918 (1926).
[1] Rule 1.540 F.R.C.P. is an adoption of Federal Rule 60. For cases construing the same see: Southern Title Research Co. v. King (Fla.App. 1966) 186 So.2d 539; Sleek v. J.C. Penney, (3rd Cir.) 292 F.2d 256, text 258 and McDowell v. Celebrezze (5th Cir.) 310 F.2d 43, text 44.