821 So.2d 1206 (2002)
STATE of Florida, Appellant,
v.
Paul W. ANDERSON, Appellee.
No. 5D01-1344.
District Court of Appeal of Florida, Fifth District.
July 26, 2002.
*1207 Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellee.
COBB, J.
The state appeals from an order granting the defendant's motion for post conviction relief and vacating his convictions and sentences for theft of a motor vehicle and grand theft. An order granting relief under Florida Rule of Criminal Procedure 3.800(b) is also before this court.
On April 20, 1982 the defendant was charged with one count of theft of a motor vehicle and one count of grand theft. On May 20, 1982, the defendant entered a nolo contendere plea to both charges and in accordance with the plea, was sentenced to concurrent terms of ninety days in the county jail followed by four years probation.
On August 16, 2000, the defendant filed a pro se sworn motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 seeking relief from the 1982 plea. The defendant alleged that his counsel was ineffective for failing to advise him of the deportation consequences of entering the plea and for failing to obtain a judicial recommendation against deportation. He claimed his plea was involuntary because he was not informed that he was subject to deportation as a result of his plea. The defendant alleged that as a result of his plea he had been placed in deportation proceedings.
On August 31, 2000, the trial court denied the motion as untimely for failure to file within two years as required by Rule 3.850. The order informs the defendant of his right to appeal. No appeal was taken.
For reasons which are not entirely clear from the record, on February 21, 2001, the defendant appeared at a status hearing. The defendant was accompanied by an assistant public defender who submitted legal authority in support of the pro se 3.850 motion. The court appointed the public defender's office to represent the defendant and continued the matter.
On February 23, 2001, in an order reconsidering the defendant's motion, the trial court ordered a hearing on the substance of the defendant's motion. At the hearing, it was announced that the Immigration and Naturalization Service's deportation of the defendant was awaiting the court's decision. The state protested that *1208 the rule requiring that defendants be advised of the possibility of deportation only came into effect in 1989.[1] The defendant testified that when he entered his plea he was not advised on the deportation consequences and his lawyer did not request a judicial recommendation against deportation.[2]
The trial court, by order rendered on April 20, 2001, found that the defendant's trial counsel had been ineffective for failing to seek the judicial recommendation against deportation as provided for under federal law. The court granted the motion for post conviction relief and vacated the judgment and sentence.
The state appealed and while the appeal was pending the defendant filed in the trial court a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which expressly adopted and renewed the Rule 3.850 motion. The trial court granted the motion.
Pursuant to Rule 3.800(b)(2)(C), the instant appellate record was supplemented with the 3.800 motion and order. The defendant moved to dismiss the instant appeal, claiming that any jurisdictional defect associated with the trial court's order granting 3.850 relief was cured by the order granting relief under Rule 3.800. This court denied the motion.
The state asserts, and we conclude, that the trial court lacked jurisdiction to reconsider its ruling on the defendant's motion for post conviction relief where some six months had passed since entry of the order denying relief.
The state relies primarily on civil cases implicating Florida Rule of Civil Procedure 1.530(b) which hold that in the absence of a timely and proper motion for rehearing,[3] the trial court loses jurisdiction to reconsider the merits of a final order 10 days after that order is filed. Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla.1970).[4] The purpose underlying the time periods contained in the rules is to bring finality to litigation. Shelby, 236 So.2d at 3. A trial court does not possess the power and jurisdiction to correct its own judgments at any time. Id. at 3. Shelby expressly recognizes that a trial court has no authority to modify, amend or vacate a final order except in the manner and within the time frame provided by rule or statute. Id. at 4, citing Kippy Corp. v. Colburn, 177 So.2d 193, 199 (Fla.1965). See also AHCA v. Estate of Johnson, 743 So.2d 83 (Fla. 3d DCA 1999).
The defendant's motion for post conviction relief was filed pursuant to Florida Rule of Criminal Procedure 3.850 which provides in relevant part:
(g) Appeal; Rehearing; Service on Movant. An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order. A petitioner may seek a belated appeal upon the allegation that the petitioner timely requested *1209 counsel to appeal the order denying petitioner's motion for postconviction relief and counsel, through neglect, failed to do so. The movant may file a motion for rehearing of any order denying a motion under this rule within 15 days of the date of service of the order. The clerk of the court shall promptly serve on the movant a copy of any order denying a motion for postconviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.
The clear import of subsection (g) is that the trial court's reconsideration of the denial of a 3.850 motion is predicated upon the filing of a motion for rehearing with 15 days of service of the order. The language in Shelby that a trial court has no authority to modify, amend or vacate a final order except in the manner and within the time frame provided by rule or statute seems equally applicable to criminal cases. Otherwise the trial court would have the power ad infinitum to modify, amend or vacate final orders.
Finality is desirable in criminal actions. See Carter v. State, 786 So.2d 1173 (Fla.2001)(discussing Florida Rule of Criminal Procedure 3.800(a) and the need to balance finality of convictions and sentences with the goal that defendants do not serve sentences which are contrary to the requirements of law). There is simply no rule or statutory authority for a trial court to reconsider the merits of an unappealed final order denying post conviction relief some six months after its rendition.
The defendant's position is that any jurisdictional defect was cured when, while this appeal was pending, he filed and the trial court granted a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) whereby he adopted and renewed his 3.850 motion. Certain sentencing errors may be cured by the trial court pursuant to Rule 3.800 well after the imposition of sentence. Subsection (a) of that rule authorizes a trial court "at any time" to correct an illegal sentence and subsection (b) provides that a motion to correct a sentencing error may be filed: (1) during the time allowed for filing of a notice of appeal of a sentence or (2) while an appeal is pending.
However, the relief sought by the defendant here, relief from his 1982 plea, was not available under Rule 3.800 but rather was only appropriate under Rule 3.850. See Casey v. State, 788 So.2d 1121 (Fla. 2d DCA 2001)(where plea withdrawal is potential consequence of relief sought and evidentiary hearing may be necessary to determine whether plea was intelligently and voluntarily entered, claim must be bought by way of Rule 3.850 and not Rule 3.800). The defendant was seeking to invalidate his conviction, not merely his sentence. A challenge to an underlying conviction may be raised on direct appeal or in a Rule 3.850 motion; it is not cognizable by way of Rule 3.800. Bryant v. State, 800 So.2d 692 (Fla. 5th DCA 2001), rev. denied, 819 So.2d 133 (Fla. 2002).
In sum, the trial court lacked jurisdiction to enter the April 20, 2001 order vacating the defendant's judgment and sentence. The December 19, 2001 order granting relief pursuant to Rule 3.800(b) and vacating the convictions and sentences was also error and is reversed.
REVERSED.
PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.172(c)(8) (effective Jan. 1, 1989).
[2] 8 U.S.C. § 1251(b)(2), in effect in 1982, permitted a sentencing judge to recommend to the United States Attorney General that no deportation of a defendant occur.
[3] See Fla. R. Civ. P. 1.530.
[4] Florida Rule of Civil Procedure 1.540(a) permits correction of clerical errors or omissions beyond this 10 day period but is not designed to permit substantive changes to final orders. Bortz v. Bortz, 675 So.2d 622 (Fla. 1st DCA 1996).