870 So.2d 69 (2003)
Donneco KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1905.
District Court of Appeal of Florida, Second District.
November 14, 2003.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Donneco King appeals an order that denied his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, after the trial court had granted relief. Because the trial court lacked authority to reconsider the orders that granted King's motion, we reverse.
In 1997, King entered negotiated pleas of no contest in seven cases. King later filed a motion for postconviction relief raising three grounds: (1) ineffective assistance because defense counsel allegedly told King to lie during the plea colloquy; (2) ineffective assistance because defense counsel allegedly failed to investigate a sanity defense and King's competency; and (3) due process violations because King was not present at two pretrial conferences and did not waive his presence. The trial court set an evidentiary hearing and appointed counsel for King.
At the hearing on Friday, February 16, 2001, the trial court allowed King to withdraw his pleas without hearing evidence. Although the prosecutor was present, she did not object. The trial court then entered written orders vacating the pleas, judgments, and sentences. Later that day, after King and his attorney had left, an "unidentified speaker" objected on the State's behalf because the trial court granted postconviction relief without an order to show cause or an evidentiary hearing. The trial court told the State that it would hear the issue on Monday.
A brief hearing was held on Monday with King's attorney and the prosecutor. There is no indication that King was present. The prosecutor asked the trial court to revisit the issue and hold an evidentiary hearing before vacating King's pleas. The trial court then stated that "I think I might have been hasty and possibly in error in allowing Mr. King to withdraw his plea without giving the State an opportunity *70 to have an evidentiary hearing." The trial court orally set aside its prior orders but did not enter written orders.
The trial court set an evidentiary hearing for April 20, 2001. But on May 19, 2001, King was declared incompetent to proceed. Apparently, nothing occurred in the case until a hearing was held on March 20, 2002, before a successor judge.
At that hearing, the prosecutor, King's appointed counsel, and the trial court were all of the opinion that King's pleas had been withdrawn. The trial court stated that the options were either a new plea or a trial because the State had not appealed the prior orders withdrawing King's pleas. Despite this accurate recital of the present posture of the case, the trial court later decided to grant the State's oral motion to vacate the prior orders. This action was taken over King's objections.
Having vacated the orders allowing King to withdraw his pleas, the trial court held an evidentiary hearing and denied King's motion for postconviction relief. The trial court's order addressed only King's claim that defense counsel told him to lie during the plea colloquy.
King argues on appeal that the trial court lacked authority to vacate the prior orders. We agree. Florida Rule of Criminal Procedure 3.010 mandates that "[t]hese rules shall govern the procedure in all criminal proceedings in state courts including... proceedings under rule 3.850." Rule 3.850(g) does not allow the State to file a motion for rehearing; it only provides that "[t]he movant may file a motion for rehearing of any order denying a motion under this rule within 15 days of the date of service of the order." Although the State is allowed to appeal an order granting postconviction relief, see State v. Lasley, 507 So.2d 711 (Fla. 2d DCA 1987), the State did not do so in this case. Nor does rule 3.850 contain a provision allowing the trial court to order rehearing on its own initiative. Cf. Fla. R. Civ. P. 1.530(d) ("Not later than 10 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial....").
In Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1, 3 (Fla.1970), the Florida Supreme Court held in a civil case that "the trial court has no authority to alter, modify or vacate an order or judgment" except in the manner and time frame provided by the applicable rules of procedure. The supreme court rejected the argument that the trial court has jurisdiction to correct its own judgments at any time. Id. at 3-4.
The holding in Shelby Mutual Insurance Co. has been applied to criminal cases. When the State appealed an order granting postconviction relief six months after the postconviction motion had been denied, the Fifth District reversed because the trial court lacked jurisdiction to enter the later order. State v. Anderson, 821 So.2d 1206, 1209 (Fla. 5th DCA 2002) ("There is simply no rule or statutory authority for a trial court to reconsider the merits of an unappealed final order denying post conviction relief some six months after its rendition."). See also Morris v. State, 630 So.2d 232 (Fla. 3d DCA 1994). Because the State is not allowed to file a motion for rehearing under rule 3.850, the trial court lacked the authority to grant the State's motion and vacate the final, unappealed orders allowing King to withdraw his pleas.
Therefore, we reverse the order denying postconviction relief and remand for the State to proceed as if a plea had never been entered. See State v. McClain, 509 So.2d 1360, 1361 (Fla. 2d DCA 1987) *71 ("When the court set aside McClain's original plea, it was as if a plea had never been entered ab initio, and the state had the option of prosecuting the defendant on the original charges.") (citations omitted); Williams v. State, 762 So.2d 990, 991 (Fla. 4th DCA 2000) ("When a plea of guilty or nolo contendere is withdrawn and accepted by the court, it is as if the plea had never been entered ab initio."). We note that King's competency has been a recurring issue in all of the proceedings and should be appropriately addressed during the proceedings on remand.
Reversed and remanded.
WHATLEY and COVINGTON, JJ., Concur.