PER CURIAM.
Susan D. Dambro (former wife) and David Dambro (former husband) were married for just under 14 years and five months. This appeal involves a procedure *725 employed during a modification proceeding where the former wife sought to modify .the parties’ alimony provision. This court finds error with the procedure used. Therefore, this opinion addresses only the procedure and not the substance of the parties’ dispute over alimony. The issue in this appeal is whether a successor judge, presiding over a request for modification of alimony, is authorized to .request a predecessor judge to enter an order clarifying what he intended when he entered an alimony provision previously applicable to the parties.
In the final order of dissolution, the trial court found that former husband was at least temporarily disabled from medical treatments he was receiving. His only source of income at the time was social security benefits. The trial court found that even considering former husband’s illness, he still had greater earning ability than former wife despite the fact that at that time former husband did not have the ability to pay alimony. Therefore, the trial court granted each party $1.00 per year as alimony, which it labeled bridge the gap alimony, and reserved jurisdiction to determine an amount of bridge the gap or lump sum alimony, to be determined in an amount commensurate with the parties’ standard of living and former husband’s ability to pay.
Upon motions for rehearing, the trial court entered an amended final judgment which again addressed alimony. The trial court, once again relying on the former husband’s inability to pay alimony, granted the parties $1.00 per year and reserved jurisdiction. The parties appealed the amended final judgment and later dismissed their appeals pursuant to a post marital settlement agreement (agreement). The agreement included a section dealing with alimony in which the parties agreed[1] that, pursuant to the court’s reservation of jurisdiction, they would submit to the circuit court for a determination of the amount, type, and duration of alimony.
By this time in the proceedings, the trial court judge, who had previously presided over the Dambro’s divorce (predecessor judge), had been reassigned, and the case was now assigned to a new trial court judge (successor judge). The successor judge entered an order which modified the amended final judgment to the extent that the agreement required such modification.
Two days after the trial court entered the order modifying the amended final judgment, former wife filed a petition for modification alleging a substantial and permanent change in the former husband’s financial circumstances. During the pen-dency of this modification proceeding, the successor judge wrote a letter to the predecessor judge explaining that he was having difficulty determining what type of alimony the predecessor judge intended to award the parties. The letter attached the applicable pleadings, requested that the predecessor judge review them, and asked the predecessor judge to enter an order clarifying his intention. The successor judge indicated in his letter that once he received the information from the prede *726 cessor judge, he would continue with the modification proceeding. Both parties objected to the procedure.
The predecessor judge, after conducting a hearing on the matter, entered an order on the successor judge’s request for clarification stating that his intention was to award the parties only bridge the gap alimony. Former wife appealed this order.
Neither party was able to cite to this Court, nor was the Court able to find as a result of its own research, authorization for such procedure in statute, rule, or case law. An analysis of the Florida Rules of Civil Procedure and case law demonstrates that there is no authorization for the procedure employed and that the procedure contradicts a successor judge’s obligation when reviewing a judgment entered by a predecessor judge. While there may be some question as to whether the clarification order modifies the alimony provision it addressed, this is not dispositive where there is no authorization for the order entered regardless of the impact it had on the alimony provision it alleged to clarify.
There are a number of cases which support the conclusion that a trial court does not have authorization to amend a final judgment unless provided for in the Florida Rules of Civil Procedure. See Shelby Mut. Ins. Co. v. Pearson, 236 So.2d 1 (Fla.1970); Abram v. Wolicki, 864 So.2d 18 (Fla. 4th DCA 2003) (reversing a trial court’s order vacating an order denying a new trial where a party filed a motion for rehearing on the motion for new trial which was not authorized by Florida Rule of Civil Procedure 1.530); Wilder v. Wilder, 251 So.2d 311 (Fla. 4th DCA 1971) (reversing an order clarifying and amending a final judgment entered as the result of a motion filed by a party beyond the one year limitation in rule 1.540(b)); Bortz v. Bortz, 675 So.2d 622 (Fla. 1st DCA 1996) (reversing a trial court’s order which was not entered pursuant to Florida Rules of Civil Procedure stating that the trial court lacked jurisdiction to enter the order); Kirby v. Speight, 217 So.2d 871 (Fla. 1st DCA 1969) (reversing a trial court’s order clarifying its previous order where the district court treated a party’s motion for clarification as a motion for rehearing and therefore unauthorized where it was filed twenty-two days after the rules allowed such motions and the court lacked jurisdiction to enter such order on its own where there was no authorization in the rules). These cases illustrate that where a party moves for or a trial court enters an order without authority under the Florida Rules of Civil Procedure, district courts are inclined to reverse the order.
There are rules in the Florida Rules of Civil Procedure which permit the modification of an order. The Florida Supreme Court has stated that “[ejxcept as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment.” Pearson, 236 So.2d at 3 (Fla.1970). Rule 1.530 authorizes a party to move for a new trial or a rehearing within ten days after entry of the judgment. This rule also allows the court to grant either a hew trial or a rehearing on its own initiative within the same time frame. Fla. R. Civ. P. 1.530(d). Rule 1.540 allows for relief from an order or judgment for certain reasons delineated in the rule, none of which are applicable to the present case. Neither of these rules provide support for the procedure employed below.
While there is no case discussing the use of this procedure, there are cases which speak to a judge’s obligation when reviewing an order previously entered. Where language used in a judgment is ambiguous, it must be construed. The *727 first district stated that “[i]n construing a judgment, ..., the adjudication should not extend beyond that which the language used fairly warrants, since the purpose and function of construction is to give effect to that which is already latent in the judgment, and the Court may not by construction add new provisions to a judgment which were omitted or withheld in the first instances.” Boynton v. Canal Auth., 311 So.2d 412, 415 (Fla. 1st DCA 1975). The procedure employed in this case went beyond the language of the judgment where the successor judge requested the predecessor judge enter an order clarifying what his intention was.
The use of this procedure is made more perplexing by the fact that the successor judge entered the order modifying the amended final judgment by incorporating the agreement into the amended final judgment. The agreement was executed by the parties after the predecessor judge entered the order which contained the provision the successor judge was seeking clarification of and the agreement included a section addressing alimony. The alimony section in the agreement provided that the parties would submit to the circuit court for a determination of the amount, type, and duration of alimony. As there is no statute, rule, or case law which authorizes a successor judge to employ the procedure used in this case and the procedure went beyond the language of the order, the order is reversed and remanded for proceedings consistent with this opinion.

Reversed and Remanded.

GUNTHER, POLEN and HAZOURI, JJ., concur.

. The pertinent part of the parties' post marital settlement agreement reads as follows:
2. ALIMONY and CHILD SUPPORT. Pursuant to the Amended Final Judgment of dissolution of marriage, the Court reserved jurisdiction as to the issue of alimony and child support. Consistent with that reservation, the parties agree to submit to the Circuit Court of Indian River County for a determination of the amount, type and duration of the Former husband’s alimony obligation and the amount and duration of the Former Husband's child support obligation. Furthermore, either party may petition the Court for a modification of the child support and alimony provisions of the Amended Final Judgment by filing the ap- ■ propriate pleading in the Circuit Court.