CANADY, J.,
concurring in part and dissenting in part.
I disagree with the majority’s decision to reject the proposed deletion of rule 3.170G). On balance, I believe it would be more consistent with the effective and efficient administration of justice to address the issues brought under this rule in the context of rule 3.850 proceedings. Otherwise, I concur with the majority opinion.
POLSTON, C.J., concurs.
APPENDIX
RULE 3.800. CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES
(a) [No Change]
(b) Motion to Correct Sentencing Error. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court under article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.
(l)Motion Before Appeal. During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.
(A) This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(h).
(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold a calendar call no later than 20 days from the filing of the *1246 motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing. If an evi-dentiary hearing is needed, it shall be set no more than 20 days from the date of the calendar call. Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied. A party may file a motion for rehearing of any order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed. The trial court’s order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied. A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered 40 days from the order of which rehearing is sought, or upon the filing of a written order denying the motion for rehearing, whichever is earlier.
(2)[No Change]
(c) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 3.801. CORRECTION OF JAIL CREDIT
(a) Correction of Jail Credit. A court may correct a sentence that fails to allow a defendant credit for all of the time he or she spent in the county .jail before sentencing as provided in section 921.161, Florida Statutes.
(b) Time Limitations. No motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final.
(c) Contents of Motion. The motion shall be under oath and include:
(1) a brief statement of the facts relied on in support of the motion;
(2) the dates, location of incarceration and total time for credit already provided;
(3) the dates, location of incarceration and total time for credit the defendant contends was not properly awarded;
(4) whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number and resolution of the charges; and
(5) whether the defendant waived any county .jail credit at the time of sentencing, and if so, the number of days waived.
(d) Successive Motions. No successive motions for .jail credit will be considered.
(e) Incorporation of Portions of Florida Rule of Criminal Procedure 3.850. The following subdivisions of Florida Rule of Criminal Procedure 3.850 apply to proceedings under this rule: 3.850(e), (f), CD, (k), and (n).
Court Commentary
2013 Adoption. All jail credit issues must be handled pursuant to this rule. The rule is intended to require that jail credit issues be dealt with promptly, within 1 year of the sentence becoming final. No successive motions for .jail credit will be allowed.
*1247 RULE 3.850. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(a)-(b) [No Change]
(c)Contents of Motion. The motion shallmust be under oath andstating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct. The motion must also include an explanation of:
(1) the judgment or sentence under attack and the court whichthat rendered the same;
(2)whether the judgment resulted from a plea or a trial;
(23) whether there was an appeal from the judgment or sentence and the disposition thereof;
(34) whether a previous postconviction motion has been filed, and if so, how many;
(45) if a previous motion or motions have been filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;
(56) the nature of the relief sought; and
(67) a brief statement of the facts (and other conditions) relied on in support of the motion.
This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence. -Motions- shall be-typewr-it-ten or-ha-nd-written in legible pr-inted-let-tering,-in-blue or black ink, double-spaced, with mar-gins-no-less than 1 inch-on-white 8 1/2-by-ll inch paper. — No motion, including-any-memorandum of lawy-s-hall-ex-ceed 50 pages witho-u-t-leave of the- court upon a showing of — good cause. If the defendant is filing a newly discovered evidence claim based on recanted trial testimony or on a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion. For all other newly discovered evidence claims, the defendant shall attach an affidavit from any person whose testimony is necessary to factually support the defendants claim for relief. If the affidavit is not attached to the motion, the defendant ■ shall provide an explanation why the required affidavit could not be obtained.
(d) Form of Motion. Motions shall be typewritten or hand-written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than 1 inch on white 8 1/2-by-ll inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good caúse-
le) Amendments to Motion. When the court has entered an order under subdivision (f)(2) or (f)(3), granting the defendant an opportunity to amend the motion, any amendment to the motion must be served within 60 days. A motion may otherwise be amended at any time prior to either the entry of an order disposing of the motion or the, entry of an order pursuant to subdivision (f)(5) or directing that an answer to the motion be filed pursuant to (f)(6), whichever occurs first. Leave of court is required for the filing of an amendment after the entry of an order pursuant to subdivision (f)(5) or (f)(6). Notwithstanding the timeliness of an amendment, the court need not consider new factual assertions contained in an amendment unless the amendment is under-oath. New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed *1248 within the time frame specified in subdivision (b).
(4f) Procedure; Evidentiary Hearing; Disposition. On filing of a r-ule 3.85Q motion under this rule, the clerk shall forward the motion and file to the court. Disposition of the motion shall be in accordance with the following procedures, which are intended to result in a single, final, appealable order that disposes of all claims raised in the 'motion.
(1) Untimely and Insufficient Motions. If- the motion is insufficient on its face, and the time to file a motion under this rule has expired prior to the filing of the motion, the court shall enter a final appealable order summarily denying the motion with prejudice.
(2) Timely but Insufficient Motions. If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion. If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.
(3) Timely Motions Containing Some Insufficient Claims. If the motion sufficiently states one or more claims for relief and it also attempts but fails to state additional claims, and the motion is timely filed under this rule, the court shall enter a nonappealable order granting the defendant 60 days to amend the motion to sufficiently state additional claims for relief. Any claim for which the insufficiency has not been cured within the time allowed for such amendment shall be summarily denied in an order that is a nonfinal, nonap-pealable order, which may be reviewed when a final, appealable order is entered.
(4) Motions Partially Disposed of by the Court Record. If the motion sufficiently states one or more claims for relief but the files and records in the case conclusively show that the defendant is not entitled to relief as to one or more claims, the claims that are conclusively refuted shall be summarily denied on the merits without a hearing. A copy of that portion of the files and records in the case that conclusively shows that the defendant is not entitled to relief as to one or more claims shall be attached to the order summarily denying these claims. The files and records in the case are the documents and exhibits previously filed in the case and those portions of the other proceedings in the case that can be transcribed. An order that does not resolve all the claims is a nonfinal, nonappealable order, which may be reviewed when a final, appeal-able order is entered.
(5) Motions Conclusively Resolved by the Court Record. If the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case, the motion shall be denied without a hearing by the entry of a final order. If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.
(6) Motions Requiring a Response from the State Attorney. If Unless the motion, files, and records in the case conclusively show that the movant defendant is entitled to no relief, the mo *1249 tion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order. Unless the motion, files, and records of the case conclusively show that the movant is entitled to no relief, the court shall order the state attorney to file, within the time fixed by the court, an answer or other pleading within-the-period- of time fixed hy-the -court or to take such other action, as the judge deems- ■ appropriate the motion. The answer shall respond to the allegations of the contained in the defendants sufficiently pleaded claims, describe any matters in avoidance of the sufficiently pleaded claims, state whether the defendant has used any other available state postconviction remedies including any other motion under this rule, and state whether the defendant has previously been afforded an evidentiary hearing. ■In- addition it shall — state -whether the movant has used -any- other available state remedies including any other- post-conviction-motion under this-rule. — The answer shall-also state whether an-evi-dentiary-hearing was accorded- the mov-anh — If the motion has not been denied at a previous-stage in the proceedings, the judge,-after -the answer is-filed,-shall determine whether an evidentiary hearing-is-required. — If-an-evidentiary hearing-is-not-required, the judge-shall-make appropriate disposition — of.the motion.
(7)Appointment of Counsel. The court may appoint counsel to represent the defendant under this rule. The factors to be considered by the court in making this determination include: the adversary nature of the proceeding, the complexity of the proceeding, the complexity of the claims presented, the defendants apparent level of intelligence and education, the need for an evidentia-ry hearing, and the need for substantial legal research.
(8)Disposition by Evidentiary Hearing.
(A) If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and shall cause notice thereof to be served on the state attorney and the defendant or defendants counsel, and shall determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court -finds that the judgment-was-rendered without jurisdiction, that the-sentence imposed was ■not-authorized-by-law- or is otherwise open to collateral attaelvor-that-there -has-been such a denial - or infringement-of the constitutional- rights of the movant as to render -the-judgment vulnerable to collateral - attack, the eoart-shall--vacate and-set-aside the judgment and -shall.discharge or re-sen-tence-the ■ movant, grant-a- new- trial, or corrects the sentence as may appear appropriate.
(B)At an evidentiary hearing, the defendant shall have the burden of presenting evidence and the burden of proof in support of his or her motion, unless otherwise provided by law.
(C)The order issued after the evi-dentiary hearing shall resolve all the claims raised in the motion and shall be considered the final order, for purposes of appeal.
(eg) MovantsDefendants Presence Not Required. A court may entertain and determine- the -motion without requiring fee-production-of-the movant at the hear-ingr The defendants presence shall not be required at any hearing or conference held *1250 under this rule except at the evidentiary hearing on the merits of any claim.
(fh) Successive Motions.
(1) A second or successive motion must be titled: “Second or Successive Motion for Postconviction Relief.”
(2) A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court -may- be-dismissed if the-judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by ■ these-rules or there was no good cause for the failure of the defendant or defendants counsel to have asserted those grounds in a pri- or motion. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the courts ruling shall accompany the order denying the motion.
(gi) Service on Parties. The clerk of the court shall promptly serve on the parties a copy of any order addressing--a motion entered under this rule, noting thereon the date of service by an appropriate certificate of service.
(hj) Rehearing. The Any party may file a motion for rehearing of any final order addressing a motion under this rule within 15 days of the date of service of the final order. A motion for rehearing is not required to preserve any issue for review in the appellate court. A timely filed motion for rehearing shall toll finality of any final order addressing a motion under this rule. A motion for rehearing must be based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the courts ruling. A response may be filed within 10 days of service of the motion. The trial courts order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied.
(ik) Appeals. An appeal may be taken to the appropriate appellate court only from athe final order addressing adispos-ing of the motion under-this rule? All final orders addressing adenying motions under this rulofor postconviction relief shall include a statement that the partydefendant has the right to appeal within 80 days of the rendition of the final order. All nonfi-nal, nonappealable orders addressing-motions-under this rule-shallentered pursuant to subdivision (f) should include a statement that “this order-is-a- nonfinal, nonap-pealablethe defendant has no right to appeal the order until entry of the final order.”
(⅛) Belated Appeals and Discretionary Review. Pursuant to the terms ■ and procedures outlined in Florida Rule of Appellate Procedure 9.141(e), a petitioner defendant may seek a belated appeal or discretionary review.
(k)Belated-Discretionary-Review. Pursuant to the terms and procedures outline in Florida Rule -of- Appellate Procedure-&.141(c)r-a~petitioner may seek-belated discretionary review.
(im) Habeas Corpus. [No Change]
(m)FrivoIous or Malicious Collateral Criminal Pleadings or-Motions. A prisoner, who is found — by- a court to have brought a frivolous or malicious collateral *1251 criminal-proceeding, or who knowingly-or with — reckless—disregard - -for the — truth brought-false-information, or evidence before the court, is-subject-to- disciplinary procedures pursuant-to-the-rules -of the Department of Corrections;.The prisoner may-also be prohibited from-filing-future pro se pleadings-attacking his or her conviction and-sentence,
Upon its own motion or-on-motion, of a party^ the-cour-t-may-conduct an inquiry into whether any action-oi-appeal brought by a prisoner was-brought in good faith by issuing an order stating-the-essential-facts constituting the frivolous or-malicious nature-of- the. collateral criminal-proceeding, requiring the defendant to show-oause-why the prisoner should not be prevented from bringing-further attacks on his or her conviction-and sentence, and to-explain -why he or she-is-not-abusing the legal process-.The-order .shall allow a reasonable-time-for preparation and response-by- the prisoner) after service of the order on-the prisoner. The court-shall" direct the clerk of the court to-forward a certified-copy of the o-rder-to-show- cause to the prisoner.
Upon receipt of-the prisoners response to-the order to show-cause,, if any, or upon expiration-of-the-time allowed for the prisoners response, the-court-shall determine whether-the pleading-or-paper was frivolous-or-.malicious. — If supported - by the record, the-court-shall enter an order-with written findings-that a motion for postcon-viction -relief is frivolous or malicious, pre-yenting-the-prisoner from bringing further attacks on-his-or-her- conviction and sentence, direc-ting-the.-clerk-of the court not to accept any further-pro se filings or pleadings concerning-the-subject case) further-directing the clerk of — the-court. to summarily-.reject any further — pleadings and-papers regarding the case-unless that pleading or paper is-fíled -by a member in good standing of The Florida Bar, .and that a-cer-tified copy of the order be forwarded to the appropriate institution or facility for disciplinary — procedures pursuant to the rules-of -the. department as provided in Chapter 944,-Florida Statutes-The prisoner-shall also be served with — a--certified copy of the-written order.
(n) Certification of Defendant; Sanctions. No motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court.
(1) By signing a motion pursuant to this rule, the defendant certifies that: the defendant has read the motion or that it has been read to the defendant and that the defendant understands its content; the motion is filed in good faith and with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court; and, the facts contained in the motion are true and correct.
(2) The defendant shall either certify that the defendant can understand English or, if the defendant cannot understand English, that the defendant has had the motion translated completely into a language that the defendant understands. The motion shall contain the name and address of the person who translated the motion and that person shall certify that he or she provided an accurate and complete translation to the defendant. Failure to include this information and certification in a motion shall be grounds for the entry of an order dismissing the motion pursuant to subdivision (f)(1), (f)(2), or (f)(3).
(3) Conduct prohibited under this rule includes, but is not limited to, the following: the filing of frivolous or malicious *1252 claims; the filing of any motion in bad faith or with reckless disregard for the truth; the filing of an application for habeas corpus subject to dismissal pursuant to subdivision (m); the willful violation of any provision of this rule; and the abuse of the legal process or procedures governed by this rule.
The court, upon its own motion or on the motion of a party, may determine whether a motion has been filed in violation of this rule. The court shall issue an order setting forth the facts indicating that the defendant has or may have engaged in prohibited conduct. The order shall direct the defendant to show cause, within a reasonable time limit set by the court, why the court should not find that the defendant has engaged in prohibited conduct under this rule and impose an appropriate sanction. Following the issuance of the order to show cause and the filing of any response by the defendant, and after such further hearing as the court may deem appropriate, the court shall make a final determination of whether the defendant engaged in prohibited conduct under this subsection.
(4) If the court finds by the greater weight of the evidence that the defendant has engaged in prohibited conduct under this rule, the court may impose one or more sanctions, including:
(A) contempt as otherwise provided by law;
(B) assessing the costs of the proceeding against the defendant;
(C) dismissal with prejudice of the defendant’s motion;
(D) prohibiting the filing of further pro se motions under this rule and directing the clerk of court to summarily reject any further pro se motion under this rule;
(E) requiring that any further motions under this rule be signed by a member in good standing of The Florida Bar, who shall certify that there is a good faith basis for each claim asserted in the motion; and/or
(F) if the defendant is a prisoner, a certified copy of the order be forwarded to the appropriate institution or facility for consideration of disciplinary action against the defendant, including forfeiture of gain time pursuant to Chapter 944, Florida Statutes.
(5) If the court determines there is probable cause to believe that a sworn motion contains a false statement of fact constituting perjury, the court may refer the matter to the state attorney.
Committee Notes
[No Change]
Court Commentary
1996 Court Commentary. [No Change]
2013 Amendment.
Rule 3.850 has been revised to address several issues identified by the Postconviction Rules Workgroup in 2006 and by the Criminal Court Steering Committee and the Subcommittee on Postconviction Relief in 2011,
Rule 3.850(d). New subdivision (d) is derived from the final two sentences formerly contained in subdivision (c).
Rule 3.850(e). Subdivision (e) was added to codify existing case law on amendments to postconviction motions and to comport with subdivision (f).
Rule 3.850(f). Subdivision (f) attempts to set out each of the different options that a trial .judge has when considering a motion under this rule. It reflects the time-frame requirement of subdivision (b) and codifies existing case law regarding timely *1253 but facially insufficient motions, partial orders of denial, and the appointment of counsel. See, e.g., Spera v. State, 971 So.2d 754 (Fla.2007).
Rule 3.850(g). Subdivision (g) was previously contained in subdivision (e), but the language is largely derived from rule 3.851(c)(3).
Rule 3.850(h), Subdivision (h), formerly rule 3.850(f), was substantially rewritten.
Rule 3.850(i). Subdivision (i) is substantially the same as former subdivision (g)-
Rule 3.850(1). Subdivision CD allows both the state and the defendant the right to rehearing and is intended to allow the court to correct an obvious error without the expense and delay of a state appeal. See King v. State, 870 So.2d 69 (Fla. 2d DCA 2003). The statement regarding finality is consistent with Florida Rule of Appellate Procedure 9.020(h) and is intended to clarify the date of rendition of the final order disposing of any motion under this rule.
Rule 3.850(k). Subdivision (k), formerly rule 3.850(i), was substantially rewritten to simplify the review process in both the trial and appellate courts and to provide for the efficient disposition of all claims in both courts. The requirement of a statement indicating whether the order is a nonfinal or final order subject to appeal is intended to ensure that all claims will be disposed of by the trial court and addressed in a single appeal.
Rule 3.850(f). Subdivision (l), formerly rule 3.850(j), reflects the consolidation of the subdivision with former rule 3.850(k).
Rule 3.850(n). Subdivision (n) is a substantial rewrite of former subdivision (m).
RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL
(a) [No Change]
(b) Appointment of Postconviction Counsel.
(1) Upon the issuance of the mandate affirming a judgment and sentence of death on direct appeal, the Supreme Court of Florida shall at the same time issue an order appointing the appropriate office of the Capital Collateral Regional Counsel or directing the trial court to immediately appoint counsel from the Registry of Attorneys maintained by the Commission — on-- Capital CasesJustice Administrative Commission. The name of Registry Counsel shall be filed with the Supreme Court of Florida.
(2) [No Change]
(3) Within 15 days after Capital Collateral Regional Counsel or Registry Counsel files a motion to withdraw, the chief judge or assigned judge shall rule on the motion and appoint new postcon-viction counsel if necessary. The appointment of new collateral counsel shall be from the Registry of attorneys maintained by the Commission.on Capital Cases Justice Administrative Commission unless the case is administratively transferred to another Capital Collateral Regional Counsel.
(c) Preliminary Procedures.
(l)-(4)[No Change]
(5) Record on Appeal. The Clerk of the Supreme Court of Florida shall promptly deliver the record on appeal to the records repository after the appointment of postconviction counsel.
(d)-(e) [No Change]
(f) Procedure; Evidentiary Hearing; Disposition.
*1254 (l)-(4) [No Change]
(5) Case Management Conference; Evidentiary Hearing.
(A) Initial Postconviction Motion. No later than 90 days after the state files its answer to an initial motion, the trial court shall hold a case management conference. At the case management conference, both.-parties shall disclose all-documentary exhibits that they intend-to offer-at the eviden-tiary hearing, provide an-exhibit list-of all such exhibits,-and exchange a witness list with the-names-and address-os of any potential witnessesrthe defendant shall disclose all documentary exhibits that he or she intends to offer at the evidentiary hearing and shall file and serve an exhibit list of all such exhibits and a witness list with the names and addresses of any potential witnesses. All expert witnesses shall be specifically designated on the witness list and copies of all expert reports shall be attached. Within 60 days after the case management conference, the state shall disclose all documentary exhibits that it intends to offer at the evidentiary hearing and shall file and serve an exhibit list of all such exhibits and a witness list with the names and addresses of any potential witnesses. All expert witnesses shall be specifically designated on the witness list and copies of all expert reports shall be attached. At the case management conference, the trial court shall:
(i) schedule an evidentiary hearing, to be held within @0150 days, on claims listed by the defendant as requiring a factual determination;
(ii)-(iii) [No Change]
(B)-(D) [No Change]
(6) — (8) [No Change]
(g)-(h) [No Change]
(i) Dismissal of Postconviction Proceedings.
(1) [No Change]
(2) If the prisoner files the motion pro se, the Clerk of the Court shall serve copies of the motion on counsel of recoi’d for both the prisoner and the state. Counsel of record may file responses within te»10 days.
(3) [No Change]
(4) The judge shall examine the prisoner at the hearing and shall hear argument of the prisoner, collateral counsel, and the state. No fewer than two2 or more than lhr-ee3 qualified experts shall be appointed to examine the prisoner if the judge concludes that there are reasonable grounds to believe the prisoner is not mentally competent for purposes of this rale. The experts shall file reports with the court setting forth their findings. Thereafter, the court shall conduct an evidentiary hearing and enter an oi’der setting foi'th findings of competency or incompetency.
(5) — (9) [No Change]
Court Commentary
1993 Adoption — 2006 Amendment.
[No Change]
2013 Amendment. Only minor amendments are made to rule 3.851.
RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a) [Ño Change]
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal
(A)-(C) [No Change]
(D) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or or *1255 ders denying relief under Florida Rule of Criminal Procedure 8.800(a), 3.801, 3.850, 3.851, or 3.853;
(E)-(G) [No Change]
(2) — (4) [No Change]
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
(A)-(I) [No Change]
(J)granting relief under Florida Rule of Criminal Procedure 3.801 or 3.853;
(K)-(P) [No Change]
(2) — (3) [No Change]
(d)-(i) [No Change]
RULE 9.141. REVIEW PROCEEDINGS IN COLLATERAL OR POST-CONVICTION CRIMINAL CASES
(a) [No Change]
(b) Appeals from Post-Conviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.850, or 3.853.
(1) [No Change]
(2) Summary Grant or Denial of Motion Without Evidentiary Hearing.
(A) When a motion for post-conviction relief under rule 3.800(a), 3.801, 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall transmit to the court, as the record, copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.
(B)-(D) [No Change]
(3) Grant or Denial of Motion after Evidentiary Hearing.
(A) Transcription. In the absence of designations to the court reporter, the notice of appeal filed by an indigent pro se litigant in a rule 3.801, 3.850, or 3.853 appeal after an eviden-tiary hearing shall serve as the designation to the court reporter for the transcript of the evidentiary hearing. Within 5 days of receipt of the notice of appeal, the clerk of the lower tribunal shall request the appropriate court reporter to transcribe the evidentiary hearing and shall send the court reporter a copy of the notice, the date of the hearing to be transcribed, the name of the judge, and a copy of this rule.
(B) Record.
(i) When a motion for post-conviction relief under rule 3.801, 3.850, or 3.853 is granted or denied after an evidentiary hearing, the clerk of the lower tribunal shall index, paginate, and transmit to the court as the record, within 50 days of the filing of the notice of appeal, copies of the notice of appeal, motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the original transcript of the evidentiary hearing.
(ii)-(iii) [No Change]
(C) [No Change]
(c)-(d) [No Change]