BOARDMAN, Judge.
Appellant, a minor, waived juvenile court jurisdiction and was charged with robbery and larceny of a motor vehicle. The waiver agreed to by the state noted that the possible sentences for the crimes charged were life and five years respectively. The waiver also provided that appellant would enter a plea of guilty to attempted robbery and larceny and that both of these crimes were felonies of the third degree with possible sentences to five years and/or $5,000. The waiver also provided that the state would recommend to the court concurrent sentences and rely on the presentence report.
Thereafter, pursuant to the plea bargain, appellant entered his pleas of guilty. The court agreed that it would accept the recommendation of the state attorney and the sentences would run concurrently. Whereupon, the court sentenced appellant to ten years for attempted robbery and five years for auto theft to be served concurrently. Appellant pointed out to the trial court that he was informed that both crimes were punishable by no more than five years and that any sentence would run concurrently. The court then set aside the sentences and announced it would resentence in accordance with the plea bargain. The court then imposed five-year sentences on each count to be served con *623 secutively. Appellant filed a motion for mitigation of sentence which was denied. This timely appeal followed from the judgments and sentences.
This court has held in several cases that when the trial judge finds that he cannot in good conscience honor a plea bargain, he must affirmatively take action to permit the defendant the opportunity to withdraw his plea. Kiefer v. State, Fla.App.2d 1974, 295 So.2d 688, and cases cited therein.
Accordingly, we vacate the judgments and sentences and permit the appel-. lant to withdraw his pleas. Should he do so, the state would be permitted to prosecute appellant for the robbery and larceny of a motor vehicle since the reduction of the charges was part of the plea bargain.
REVERSED and REMANDED with directions to the trial court consistent with this opinion.
McNULTY, C. J., and SCHEB, J., concur.