SCHOONOVER, Judge.
The appellant, Nancy Marie Fairweather, has appealed the judgment and sentence entered after she pled guilty to second degree murder. The appellee, State of Florida, has agreed that the trial court erred when it retained jurisdiction over one-third of the appellant’s sentence, and we accordingly remand for proceedings consistent with this opinion.
The state charged the appellant with first degree murder in connection with the death of her husband. By agreement, the appellant pled guilty to the lesser included offense of second degree murder. At the time she entered her plea, the appellant was advised that she could receive a maximum sentence of life imprisonment, but was not informed that the court could retain jurisdiction over one-third of any sentence imposed. The appellant was subsequently sentenced to serve a forty year sentence, and the court retained jurisdiction over one-third of the sentence.
We agree with the appellant’s contention that the court erred in accepting her plea of guilty without first informing her that it could retain jurisdiction over one-third of any sentence imposed. After the sentence was imposed by the trial court in the case sub judice, our supreme court in the case of State v. Green, 421 So.2d 508, 510 (Fla. 1982), held:
[I]f a judge wishes to retain jurisdiction, a defendant must be advised, prior to pleading guilty or nolo contendere, that *689 the court can retain jurisdiction over a part of the sentence.
Accordingly, if a trial judge desires to retain jurisdiction over a portion of a sentence pursuant to section 947.16, Florida Statutes (1981), he must, in determining the voluntariness of a plea pursuant to Florida Rule of Criminal Procedure 3.172, inform a defendant that he can retain jurisdiction over a portion of his sentence.
Since the court in the case sub judice failed to so inform the appellant, this case must be remanded to the trial court. Upon remand, the court must either strike that portion of the judgment and sentence retaining jurisdiction over one-third of the appellant’s sentence or allow her to withdraw her plea. State v. Green.
Reversed and remanded with instructions.
HOBSON, A.C.J., and LEHAN, J., concur.