505 So.2d 653 (1987)
Nancy Marie FAIRWEATHER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-622.
District Court of Appeal of Florida, Second District.
April 15, 1987.
*654 Bernard F. Daley, Jr., Tallahassee, for appellant.
CAMPBELL, Acting Chief Judge.
Nancy Fairweather appeals from the summary denial of a motion for postconviction relief. We affirm.
In 1981 Fairweather was indicted for first degree murder. By agreement she entered a plea to the lesser offense of second degree murder. At the time of the plea the trial court advised Fairweather that the maximum penalty for second degree murder was life in prison, but failed to warn her that it was considering retaining jurisdiction over one-third of the sentence pursuant to section 947.16, Florida Statutes (1981). Fairweather was sentenced to forty years with one-third retained. On appeal this court remanded with directions either to strike the retention or to allow Fairweather to withdraw her plea. Fairweather v. State, 432 So.2d 688 (Fla. 2d DCA 1983).
After remand Fairweather withdrew her plea. The state subsequently offered a different plea agreement: life in prison with no retention of jurisdiction. On August 17, 1983, Fairweather accepted this offer. No appeal was taken from this second sentence. In 1985 Fairweather filed a motion to correct sentence, alleging that the second sentence failed to reflect proper credit for time served. That motion was granted. The following year she filed the present motion, which alleges that the life sentence represents a violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Fairweather's claim of judicial vindictiveness is based on certain discussions between trial counsel and the court prior to the second plea. Counsel indicated that the state had made its counteroffer of a life sentence and that Fairweather could not decide because "[s]he's afraid that life is a lot worse than straight forty with no reserved jurisdiction." The court responded that Fairweather's options were to "go to trial on a murder in the first degree indictment or the state plea bargain," and added that it felt the original sentence had been fair and the reversal "technical".
As noted by the court in State v. Bawdon, 386 N.W.2d 484, 488 (S.D. 1986), "Pearce and its progeny have never been applied by the United States Supreme Court in a plea bargaining situation." Unliked the right to proceed to trial on the merits, a criminal defendant enjoys no constitutional right to plea bargain. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Even when a plea bargain is offered, both the defendant and the court must accept it before it can be *655 considered binding. If the court finds that it cannot accept the terms of a plea agreement it should allow the defendant to withdraw his plea and return to the position he was in prior to tendering his plea. Davis v. State, 308 So.2d 27 (Fla. 1975). When, as in the present case, the plea agreement involves "charge bargaining," if the plea is withdrawn the defendant must again face the original charge as it existed prior to the state's offer of reduction. Pridgen v. State, 335 So.2d 622 (Fla. 2d DCA 1976). Likewise, "[w]hen a defendant withdraws or successfully challenges his plea, the bargain is abrogated and he must be prepared to accept all of the consequences which the plea originally sought to avoid." Commonwealth v. Ward, 493 Pa. 115, 425 A.2d 401, 406 (1981). See also, Frank v. Blackburn, 646 F.2d 873 (5th Cir.1980); Martinez v. Estelle, 527 F.2d 1330 (5th Cir.1976).
In the present case the original agreement did not require the court to impose any sentence short of the lawful maximum. Our reversal was not based upon any refusal to abide by the terms of the plea agreement and we did not order the trial court to delete the provision retaining jurisdiction, although it could have done so. The retention provision was neither unlawful per se nor outside the parameters of the plea agreement. We merely held that Fairweather should have been forewarned that retention was a possibility. Having successfully pursued the claim that her plea was not entered with full knowledge of the consequences, Fairweather was given an option to withdraw that plea. By this point she was on notice that the trial court considered the original sentence a fair one under the circumstances of the case. The court was not required to impose any lesser sentence, or even to accept the state's offer of a reduced charge. Fairweather chose not to accept the retention of jurisdiction, and to risk a death sentence or life with no parole for twenty-five years. When, prior to trial, the state modified its offer with a definite agreement as to sentence, the trial court was not bound to accept that offer. More importantly, Fairweather was not required to accept the offer, but she did so. At this juncture it serves no purpose to argue whether a life sentence is more or less onerous than a forty-year sentence with jurisdiction retained for a third. Two things are clear: that Fairweather obviously believed so at the time of her plea, and that either sentence is preferable to a conviction for a capital crime.
We find no violation of North Carolina v. Pearce in the present case and so affirm the order of the trial court denying post-conviction relief.
HALL and SANDERLIN, JJ., concur.