532 So.2d 1298 (1988)
Susan Marie GEIGER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-133.
District Court of Appeal of Florida, Second District.
October 26, 1988.
*1299 James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Geiger appeals her judgments and sentences for one count of possession of a controlled substance, two counts of grand theft, three counts of petit theft, one count of forgery, and two counts of uttering a forged instrument. Geiger alleges that the trial court erred in sentencing her. We agree and reverse.
Geiger was charged by six separate informations with two counts of possession of a controlled substance, one count of possession of paraphernalia, nine counts of uttering a forged instrument, two counts of forgery, two counts of grand theft, three counts of petit theft, and one count of unauthorized use of a credit card. Geiger thereafter entered into a written plea agreement with the state. In return for Geiger's agreement to plead guilty or no contest to nine specified charges, the state agreed to nolle prosequi the remaining eleven charges. The agreed upon sentence was to be between five and one-half and *1300 seven years in prison which was below the recommended guidelines sentence. Geiger agreed to be placed on probation consecutive to the prison sentence and further agreed to make restitution. The plea agreement expressly provided for probation to terminate upon payment of the restitution. The trial court approved the plea agreement, accepted Geiger's pleas, and ordered a presentence investigation.
At the sentencing hearing, the trial judge sentenced Geiger as follows: five years for one count of possession of a controlled substance; two-year terms for one count of forgery, one count of grand theft, and two counts of uttering a forged instrument to run consecutively with the five-year term for possession of a controlled substance and concurrently with each other; and sixty days in the county jail on three counts of petit theft. The trial judge also placed Geiger on probation for five years for one count of grand theft and made drug treatment and the payment of restitution conditions of probation.[1] After the trial judge announced her intent to impose these sentences, the court recessed to permit defense counsel to consult with Geiger regarding the sentencing. When the court reconvened, defense counsel stated that Geiger intended to withdraw her pleas. The trial judge, however, would not permit Geiger to do so. The trial judge entered a written judgment of guilt which placed the defendant on probation and made no provision for probation to terminate upon the payment of restitution. The state, consistent with the plea agreement, nolle prossed the remaining charges.
However well meaning the trial court was in seeking, by its sentence, to help Geiger overcome a substance abuse problem,[2] the order placing Geiger on probation does not comport with the parties' plea agreement which the trial court approved. Accordingly, the trial court erred when it refused to permit Geiger to withdraw her pleas. See Davis v. State, 473 So.2d 753 (Fla. 4th DCA 1985); Alvis v. State, 421 So.2d 769 (Fla. 4th DCA 1982); see also Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983) (court should be liberal in exercising its discretion in permitting a defendant to withdraw a guilty plea).
We also must address the additional criminal offenses to which Geiger pleaded nolo contendere and the charges which the state nolle prossed. When a defendant successfully challenges a plea and is permitted to withdraw a plea of nolo contendere or guilty which was entered as a result of a plea bargain, the bargain is "abrogated" and the defendant must "accept all of the consequences which the plea originally sought to avoid." Fairweather v. State, 505 So.2d 653, 655 (Fla. 2d DCA 1987) (quoting Commonwealth v. Ward, 493 Pa. 115, 124-125, 425 A.2d 401, 406, cert. denied, 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981)). Accordingly, we reverse the judgments and imposition of *1301 probation, vacate the sentences, and remand with directions that Geiger be permitted to withdraw her pleas on all of the charges. We direct further that the trial court permit Geiger to enter pleas on all of the charges contained in the reinstated informations.
In anticipation that statutory time limitations and speedy trial may be raised on remand as a result of our decision, we address those issues for the purposes of assisting the trial court. The eleven charges dismissed against Geiger consist of nine third-degree felonies and two first-degree misdemeanors which have limitation periods of three years and two years respectively. See § 775.15(2)(b), (c), Fla. Stat. (1985). The alleged criminal acts took place between March 27, 1985 and September 20, 1985. The limitations statute requires that a prosecution be commenced within the established time period. Commencement of prosecution is accomplished by the filing of an indictment or information or by another act which constitutes commencement of prosecution such as the issuance of a valid arrest warrant. Rubin v. State, 390 So.2d 322 (Fla. 1980). This court has stated that the only purpose of the statutory limitations period is "to protect every person from being interminably under the threat or cloud of possible criminal prosecution, which otherwise might be indefinitely delayed until time when defense witnesses might die, disappear, or otherwise become unavailable, judges would change office, or innumerable other time hazards might develop, which could conceivably defeat, or at least hamper, an otherwise good defense." State v. Hickman, 189 So.2d 254, 261 (Fla. 2d DCA), cert. denied, 194 So.2d 618 (1966).
Generally, when the state nolle prosses a charge, it cannot file a new information on the same charge after the statute of limitations has run. State v. Garcia, 245 So.2d 293 (Fla. 3d DCA 1971); State v. Guerra, 245 So.2d 889 (Fla. 3d DCA 1971). Under the facts of this case, however, the state need not file new informations, because we are directing that the original informations be reinstated. The reinstatement of the original informations will not frustrate the purpose of the limitations period in that Geiger had notice that she may be required to stand trial on the charges if she successfully abrogated the plea agreement. Further, because this court has voided the plea bargain, Geiger must be returned to the position that existed before the bargain. See Fairweather.
Likewise, there is not a violation of the speedy trial rule. This court's direction to the trial judge to permit Geiger to withdraw her pleas causes this case to be outside the ambit of the speedy trial rule. See State v. Rosenfeld, 467 So.2d 731 (Fla. 3d DCA), petition for review denied, 476 So.2d 675 (1985). The dismissal of these charges clearly was a part of the "entire package" of the negotiated plea. Geiger cannot thwart the state's opportunity to try her on these charges by negotiating a plea bargain and then obtaining a ruling permitting her to withdraw the pleas on some of the charges after the speedy trial time had expired on the dismissed charges. See Rosenfeld, 467 So.2d at 733.
REVERSED AND REMANDED.
FRANK, A.C.J., and HALL, J., concur.
NOTES
[1] The following colloquy took place during the sentencing hearing:

THE COURT: You have to submit to an evaluation to determine whether or not you have a treatable problem with any drug including alcohol. If so, you have to undergo treatment as indicated, successfully complete it and pay for it at the direction of your probation officer, understand?
THE DEFENDANT: Yes.
THE COURT: I recommend that your cost of supervision be waived. I don't want to terminate her probation upon restitution. Mainly, I want her to get her drug problem whipped. I don't want to do that. Or if you insist on my doing it, I can make her restitution due in the fifth year and not before. She has to take care of her drug habit first.
MR. FOSTER [defense counsel]: Judge, I think that I am going to need a chance to talk to Susan about that, because that was, frankly, one of the major incentives for us to accept this particular plea negotiation.
... .
THE COURT [to defendant]: You have a bad habit. You have a bad health problem otherwise. Epilepsy is a bad health problem. You have to do something about it or you are going to die. I don't think you can do it by yourself, and I think you have to have as long a period of probation as I can give you so you will be in drug treatment... .
[2] During the sentencing hearing, Geiger admitted her serious drug problem. The state conceded that the sentencing guidelines range of twelve to seventeen years was too harsh under the circumstances of this case because all of the crimes arose from Geiger's serious drug abuse problem.