HALL, Judge.
The state appeals from the judgment and sentence imposed upon the appellee, which was below the recommended guidelines sentence. We reverse.
The appellee was charged with first-degree arson. She originally pled not guilty to the charges, but later agreed to plead no contest in exchange for a term of probation and the withholding of adjudication.
At the change of plea hearing, there was some dispute as to what the appellee had been offered by the state, as several assistant state attorneys and defense attorneys had been involved in the negotiations. Defense counsel contended that the appellee had been offered three years’ probation with adjudication being withheld. The prosecutor conceded that several different offers had been made, but that they were subject to approval by the prosecutor’s supervisor.
At sentencing, the state amended its offer to three years’ probation, with an adjudication of guilt. The trial court accepted the appellee’s plea of no contest and sentenced the appellee to three years’ probation and withheld adjudication.
On appeal the state contends that the trial court erred in departing from the plea agreement and in sentencing the appellee below the recommended guidelines’ range.
The trial court has the discretion to accept or reject the terms of a plea agreement; however, if it finds that it cannot accept the plea agreement as presented to the court, it must allow the defendant to withdraw his plea and return to the position he was in prior to tendering his plea. Davis v. State, 308 So.2d 27 (Fla.1975); Fairweather v. State, 505 So.2d 653 (Fla. 2d DCA 1987).
Since the record is unclear as to what the appellee believed she was ultimately pleading to, we remand this case to the trial court to give the appellee an opportunity to withdraw her plea or to clearly accept the state’s offer on the record.
Reversed and remanded.
SCHEB, A.C.J., and THREADGILL, J., concur.