PATTERSON, Judge.
We are compelled to reverse in this case because sentence was inadvertently imposed without the benefit of a prior plea of guilty or nolo contendere.
On September 26, 1990, Miles entered pleas of guilty to dealing in stolen property and grand theft. He received a suspended prison sentence and was placed on community control. Miles was subsequently charged with burglary and petit theft, which became the basis for the revocation of his community control. Miles admitted the violation and was sentenced to prison on all of the charges. Subsequently, the trial judge, concerned with Miles’ competency, recalled the cases and said on the record:
The Court is going to set aside that sentence, set aside that plea. The Court is going to set aside every proceeding we had this morning on Alfonso Louis [sic] Miles.
The Court is going to revoke everything it has done.
The court then ordered a competency evaluation of Miles.
On April 25, 1991, after review of the competency evaluation, Miles again appeared before the court. Without commencing a renewed plea procedure, he was again sentenced to prison. Because the court’s prior vacating of Miles’ pleas had the effect of no plea ever having been entered, see State v. McClain, 509 So.2d 1360 (Fla. 2d DCA 1987); Bell v. State, 262 So.2d 244 (Fla. 4th DCA), cert. denied, 265 So.2d 50 (Fla.1972), the court was without authority to impose sentence.
We therefore reverse and remand for new proceedings on the violations of community control and the new charges which constituted the basis for that violation.
DANAHY, A.C.J., and LEHAN, J., concur.