W. SHARP, J.
Fine entered a no contest plea to three counts of robbery, second degree felonies, for which fifteen years is the statutory maximum sentence.[1] The plea agreement required that the three sentences run concurrent with each other and concurrent to an unrelated case for which Fine received a 15-year sentence, and that they not exceed 20 years.
The trial court sentenced Fine to 20 years on each robbery to run concurrent with each other and the unrelated sentence. However, because the 20-year sentences exceed the statutory maximum, this court remanded to the trial court for resentencing pursuant to a motion to do so filed by the state.
On remand, the trial court sentenced Fine to 88.5 months on two of the robberies, and 80 months on the third, all to run consecutive to each other. The combined effect of these sentences is a sum in excess of the 20 years bargained for, but because the trial court additionally awarded excess credit for time served, the practical effect is approximately 20 years. Fine argues, at this point, that the sentences are not pursuant to his plea bargain agreement because he bargained for concurrent, not consecutive, sentences. Fine *308 also points out that the sentences do not provide that they are to be served concurrent with the other criminal case, and if served consecutively, would extend his prison time an additional 15 years.
We are tempted to simply affirm these sentences since they are “legal,” and they parallel the practical effect of the plea bargain, with sole correction that pursuant to the plea agreement they should run concurrent with the 15 year sentence in the other case. However, as Fine points out, he bargained for concurrent sentences — not consecutive ones. He is entitled to the benefit of his bargain, but so is the state.
Accordingly, we remand this cause one more time. If Fine is unhappy with this current sentencing package (with the sole revision that the robbery sentences run concurrent with the other case) then he should be permitted to withdraw his plea. The state would then be free to prosecute a burglary count against Fine, which it nol prossed, and it could also seek to have Fine sentenced as a violent career criminal, which also was not pursued by the state as part of the plea agreement.
REVERSED and REMANDED for further proceedings consistent with this opinion.
PETERSON and ANTOON, JJ., concur.

. § 775.082(3)(c), Fla. Stat.