762 So.2d 990 (2000)
Eugene WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1764.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Eugene Williams, appeals from his conviction after entering a plea of *991 nolo contendere for home invasion robbery with a firearm, battery on an elderly person while wearing a mask, aggravated assault with a deadly weapon while wearing a mask, and battery while wearing a mask. Williams raises two issues on appeal. We reverse on the first and the second is without merit. We address Williams's first point that the trial court erred in granting the state's motion to reconsider and set aside the trial court's prior decision permitting Williams to withdraw his plea.
Williams had originally entered a plea of not guilty to the charges but decided to change his plea to nolo contendere. A hearing was held on January 26, 1999, to determine the status of his plea. The trial court found that Williams's change of plea was voluntary under Florida Rule of Criminal Procedure 3.172, accepted Williams's plea of nolo contendere, and set the sentencing hearing for March 5, 1999. On February 9, 1999, appellant filed a pro se motion to withdraw his plea alleging that he had found evidence that could prove his innocence and he had a good chance of winning at trial.
At the sentencing hearing on March 5, when the trial judge asked if there was any legal cause why appellant should not be sentenced, appellant asked the court if he could withdraw his plea. The state objected and asserted that there was no basis to withdraw the plea. Appellant told the court that he had done some research and that the state could not prove beyond a reasonable doubt that he was present when the crimes were committed. The trial court granted appellant's motion to withdraw his plea and concluded the hearing.
That same day after the trial court proceeded with other matters on its March 5 calendar, the prosecutor came before the court again. He stated that he had been caught "flat-footed" by appellant's motion to withdraw. He had done some research which indicated there were not any legal grounds for permitting appellant to withdraw his plea and asked the court to reconsider its decision. Without any objection from appellant's counsel, the trial court set the state's motion down for a hearing on April 1, 1999.
On March 22, 1999, appellant filed a pro se motion objecting to a rehearing on his plea withdrawal. At the hearing on April 1 the state argued that the trial court improperly permitted the withdrawal because nothing had changed since the plea of nolo contendere was taken and the plea of nolo contendere had not been as a result of a plea agreement. Appellant's counsel argued that there was no legal basis for a rehearing and the original ruling should be upheld. Upon determining that no good cause grounds for withdrawal were presented, the trial court granted the state's motion to reconsider and set aside the order granting the motion to withdraw the plea.
Florida Rule of Criminal Procedure 3.170(f) provides that "[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn...." Rule 3.170(f) should be liberally construed in favor of the defendant as the law favors a trial on the merits. See Catinella v. State, 732 So.2d 444 (Fla. 4th DCA 1999). At the March 5 hearing appellant did not present evidence of good cause which would require the trial court to grant his motion to withdraw under the rule; however, the trial court exercised its discretion and granted the motion and set aside the plea.
The trial court was without authority to reconsider the motion to withdraw appellant's plea. When a plea of guilty or nolo contendere is withdrawn and accepted by the court, it is as if the plea had never been entered ab initio. See Miles v. State, 620 So.2d 1075 (Fla. 2d DCA 1993); State v. McClain, 509 So.2d 1360 (Fla. 2d DCA 1987); Bell v. State, 262 So.2d 244 (Fla. 4th DCA), cert. denied, 265 So.2d 50 (Fla.1972). We therefore find that the trial court erred in granting the *992 motion to reconsider and in setting aside appellant's withdrawal of his plea. We reverse and remand for trial.
REVERSED AND REMANDED FOR TRIAL.
KLEIN and STEVENSON, JJ., concur.