WHATLEY, Judge.
The State appeals and Raul Roy Vasquez cross-appeals the order disposing of Vasquez’s motion for postconviction relief. See § 924.066(2), Fla. Stat. (2004). In that order, the trial court vacated Vasquez’s March 1999 judgment and life sentence resulting from a jury verdict of guilt of capital sexual battery and reinstated' his 1997 plea, judgment, and sentence of fifteen years’ incarceration followed by five years’ probation. We find no merit in the issues raised by Vasquez in his cross-appeal, but we reverse based on the State’s argument in its appeal.
In ground sixteen of his postconviction motion, Vasquez argued that he did not knowingly and voluntarily withdraw his 1997 plea. The trial court found Vasquez’s argument persuasive because the transcript of the hearing at which the plea was withdrawn revealed that Vasquez was never addressed and never spoke. Whether that was significant or not, subsequently Vasquez had ample opportunity to object that he had not in fact wanted to withdraw his plea, despite having sought to do so as an alternative remedy in his motion for postconviction relief filed after he was sentenced pursuant to that plea. Before the trial was conducted, several plea offers were made to Vasquez. Most significantly, Vasquez’s trial counsel testified that she met with Vasquez sixteen times prior to trial, and he never indicated that he had not wanted to withdraw his plea. Rather, he gave her the distinct impression that he had wanted to withdraw his plea and proceed to trial.[1]
“When a plea of guilty or nolo con-tendere is withdrawn and accepted by the court, it is as if the plea had never been entered ab initio.” Williams v. State, 762 So.2d 990, 991 (Fla. 4th DCA 2000). Thus, there was no plea for the trial court to reinstate. Moreover, as we have outlined above, there was no basis for reinstating the plea even if there was a plea to reinstate.
Accordingly, we reverse the order granting Vasquez’s postconviction motion and remand with instructions that the conviction and sentence entered pursuant to the 1999 jury verdict be reinstated.
Reversed and remanded with instructions.
NORTHCUTT and KELLY, JJ., Concur.

. Trial counsel testified that she had advised Vasquez to accept the plea offers, but he was adamant about not wanting to have probation as any part of his sentence.