PER CURIAM.
 

 Petitioner Michael Kehn seeks certiorari review of an order entered by the Lake County Circuit Court, while sitting in its appellate capacity, which denied Petitioner’s petition for writ of prohibition. In short, Kehn sought to prohibit his prosecution on a D.U.I. charge after successfully moving to withdraw his plea to the charge. Kehn argues that the prosecution at this juncture will violate his speedy trial and double jeopardy rights, and that further prosecution is barred by the statute of limitations. As the lower court correctly determined, these arguments lack merit.
 
 See, e.g., U.S. v. Kim,
 
 884 F.2d 189, 191 (5th Cir.1989) (“[W]hen defendant repudiates the plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy (or other) obstacle to restoring the relationship between defendant and State as it existed prior to the defunct bargain.”) (quoting
 
 Fransaw v. Lynaugh,
 
 
 *641
 
 810 F.2d 518, 524-25 (5th Cir.1987));
 
 Taylor v. Kincheloe,
 
 920 F.2d 599, 602 n. 2 (9th Cir.1990) (“The general rule is that if a defendant has his plea to a certain count set aside on appeal, double jeopardy is not implicated by his subsequently being recharged and tried on that same count.”);
 
 Geiger v. State,
 
 532 So.2d 1298, 1301 (Fla. 2d DCA 1988) (“The reinstatement of the original informations will not frustrate the purpose of the limitations period in that Geiger had notice that she may be required to stand trial on the charges if she successfully abrogated the plea agreement. Further, because this Court has voided the plea bargain, Geiger must be returned to the position that existed before the bargain. Likewise, there is not a violation of the speedy trial rule. This court’s direction to the trial judge to permit Geiger to withdraw her pleas causes this case to be outside the ambit of the speedy trial rule. The dismissal of these charges clearly was a part of the ‘entire package’ of the negotiated plea. Geiger cannot thwart the state’s opportunity to try her on these charges by negotiating a plea bargain and then obtaining a ruling permitting her to withdraw the pleas on some of the charges after the speedy trial time had expired on the dismissed charges.”) (citations omitted);
 
 State v. Rosenfeld,
 
 467 So.2d 731, 733 (Fla. 3d DCA 1985) (“The defendant cannot defeat the state’s opportunity to charge her by negotiating a plea and then obtaining a favorable ruling, after the speedy trial time had passed, on a motion to withdraw the plea which is filed shortly before the speedy trial time has run.”). Accordingly, we deny the petition.
 

 PETITION DENIED.
 

 MONACO, C.J., LAWSON and EVANDER, JJ., concur.