JACOBUS, J.
The State of Florida timely appeals the lower court’s order dismissing the information charging Robert Kirchhof with felony DUI based on the expiration of the statute of limitations. We find no error below and affirm.
On May 1, 2004, Kirchhof was arrested for misdemeanor DUI. He entered a plea to that charge, and a judgment and sentence were entered in accordance with the plea agreement. Kirchhof subsequently moved to withdraw his plea, claiming it was involuntary. The trial court granted his motion and vacated the judgment and sentence. On February 5, 2010, the State filed an information charging Kirchhof with felony DUI based on the same May 1, 2004 event that resulted in his misdemean- or charge. Thereafter, Kirchhof filed a motion to dismiss the information based on the expiration of the three-year statute of limitations period applicable to third-degree felonies.[1] The court agreed with Kirchhof and dismissed the felony DUI charge based on the expiration of the statute of limitations period.
On appeal, the State contends that because Kirchhof successfully moved to withdraw his plea, he should be returned to the position he was in before he entered his plea. The State further argues that the limitations period was tolled from the time Kirchhof entered his plea to the time his conviction was vacated. We disagree.
In the instant case, the limitations period for the felony DUI case expired May 1, 2007. Thus the filing of the information in 2010 was well beyond the limitations period. Moreover, by setting aside the plea, the information charging misdemeanor DUI was revived. See Geiger v. State, 532 So.2d 1298, 1301 (Fla. 2d DCA 1988) (upon withdrawal of plea the original information is reinstated making the commencement of the prosecution within the limitation period). However, the State never charged Kirchhof with felony DUI within the statute of limitations period, which is a separate crime from misdemeanor DUI, requiring proof of an additional element. See State v. Woodruff, 676 So.2d 975, 977 (Fla.1996). Because Kirchhof was never charged with felony DUI in the initial proceeding and was subsequently charged beyond the limitations period, the trial court properly dismissed the information.
AFFIRMED.
GRIFFIN and EVANDER, JJ„ concur.

. § 775.15(2)(b), Fla. Stat.