ALTENBERND, Judge.
Glenn David Sanchez appeals his judgments and sentences for robbery with a firearm and unauthorized use of a credit card. We affirm but write to explain the discrepancy between the oral and written sentence for one offense.
Mr. Sanchez pleaded open to these two offenses in a written plea agreement. The plea agreement incorrectly described the unauthorized use of a credit card as a third-degree felony when, in light of the allegations in the information, it was actually a second-degree misdemeanor. See § 817.481(3)(b), Fla. Stat. (2010); § 812.014(3)(a), Fla. Stat. (2011). This error in the plea agreement caused the trial judge at the hearing to describe the crime as a felony and to inform Mr. Sanchez that it was punishable by up to five years in prison. The trial judge then orally sentenced Mr. Sanchez to ten years’ imprisonment followed by five years’ probation for the robbery and a concurrent five-year term of imprisonment for the unauthorized use of a credit card.
At some point, someone must have noticed the error in the plea agreement and the sentence that was orally imposed. The written judgment accurately reflects that the credit card crime is a misdemeanor and Mr. Sanchez was sentenced to time served for that offense. It is noteworthy that Mr. Sanchez also received 360 days of jail credit on his sentence for the robbery and that these sentences are directed to run concurrently with ten-year sentences of imprisonment for other offenses that were imposed about four months prior to this sentencing hearing.
Given that Mr. Sanchez had no plea agreement for any specific sentence, that the written sentences are legal, and that the correction from the oral pronouncement does not appear to prejudice Mr. Sanchez in any way, we affirm the judgments and sentences.
Affirmed.
CASANUEVA and MORRIS, JJ„ Concur.