ALTENBERND, Judge.
Alexander Taylor appeals his judgment and sentence following the denial of his postsentence motion to withdraw plea, which was filed pursuant to Florida Rule of Criminal Procedure 3.170(Z). He argues that the trial court erred in denying the motion because there was no mutual agreement as to the sentence negotiated in his written plea agreement. After a review of this record, we conclude that Mr. Taylor was entitled to withdraw his plea because he demonstrated that he did not knowingly plead to the sentence that was ultimately imposed. Accordingly, we reverse and remand for further proceedings. As explained at the end of this opinion, we reverse only the denial of the motion in order to give Mr. Taylor a final opportunity to confirm that he wishes to withdraw his plea.
Mr. Taylor was charged, along with Glenn D. Sanchez, Jr., and Ryan A. Noriega, with armed robbery and unauthorized use of a credit card. The three men apparently robbed a woman of her wallet and then used her credit card. All three men have been sentenced for these offenses.[1]
Mr. Taylor entered into a negotiated plea on January 13, 2012, using a standard form. He pleaded guilty to the offenses as charged. The terms of the agreement relating to the sentence were abbreviated. In the space after “FSP” someone hand wrote “TBD by court w/ lOyr FSP CAP” On the next line of the form, in the space after “Probation,” a rough arrow was drawn to the space between “w/” and “lOyr” in the preceding line, followed by the letters “TBD.”
The plea hearing was conducted by Senior Judge Barbara Fleischer on the same day that Mr. Taylor signed the written form. Following a private discussion with his mother, Mr. Taylor reached this agreement. His attorney described the agreement to the court as follows:
To explain the recommended disposition it is going to be a cap. The State is recommending if Mr. Taylor is willing to plead as charged that the disposition would be determined by the Court essentially at a sentencing hearing. However, in no event would he be sentenced to anything greater than ten years Florida State Prison.
*884 After this explanation, Judge Fleischer asked if Mr. Taylor understood what his lawyer had just explained. Mr. Taylor agreed that he did. It was further agreed that the State was not alleging that Mr. Taylor actually had physical possession of any firearm during this robbery. Judge Fleischer asked the usual questions that occur at a plea hearing, including whether anyone had promised Mr. Taylor anything besides that he would have a capped sentence whereby “the most the Court could sentence [him] to would be ten years.” The court explained that “[ajnything underneath that,” would be up to the court. Mr. Taylor acknowledged that he understood. Thereafter, Judge Fleischer confirmed that Mr. Taylor knew that a different judge would sentence him and that he agreed to this circumstance.
The sentencing hearing was conducted by Judge Martha Cook on February 23, 2012. Following testimony, Judge Cook explained her understanding of the plea agreement: “Up to ten years and then probation to be determined. Ten years applies to incarceration.” Neither attorney at the hearing objected to this description of the agreement. Ultimately, Judge Cook sentenced Mr. Taylor to a split sentence: ten years’ imprisonment followed by five years’ probation.
With the assistance of counsel, Mr. Taylor filed a timely motion to set aside his sentence. Mr. Taylor maintained that he understood that he had negotiated a sentence, the total of which could not exceed ten years. The sentence he received did not exceed ten years in prison, but including the probation it was fifteen years in length.
We interpret the abbreviation on the negotiated plea form to mean that Mr. Taylor was agreeing to a term in the Florida state prison system that was to be determined by the court with a maximum term of ten years. The unusual problem in this case is the meaning of the rough arrow drawn from the lower line to the upper line.
Mr. Taylor interprets the arrow to mean that both the term of imprisonment and any term of probation had to fit within the ten-year cap. That is not an unreasonable interpretation. In light of the statements made by Judge Fleischer at the plea hearing, Mr. Taylor’s understanding of the plea agreement appears completely reasonable.
Judge Cook’s interpretation of the agreement is also reasonable. With no objection from the attorneys, we cannot fault Judge Cook’s decision to sentence Mr. Taylor in accordance with her reading of the plea agreement. Nevertheless, the issue on appeal is not the reasonableness of the judge’s interpretation but whether Mr. Taylor is entitled to withdraw from the plea after sentencing because his plea was not a knowing plea.
The grounds for a motion to withdraw plea after sentencing pursuant to rule 3.170(0 are narrower than those for a motion filed prior to sentencing pursuant to rule 3.170(f). See State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003). Nevertheless, rule 3.170(l) allows a defendant to seek to withdraw from a plea for the grounds listed in Florida Rule of Appellate Procedure 9.140(b)(2). A violation of a plea agreement and an involuntary plea are both grounds for relief under rule 3.170(l).
Mr. Taylor has clearly demonstrated his misunderstanding concerning the terms of the plea. In light of the irresolvable ambiguity in the negotiated agreement, it would be a manifest injustice not to give Mr. Taylor the option to withdraw from this plea.[2] See Partlow, 840 So.2d at 1043. *885 Accordingly, we reverse the order on appeal.
Although we reverse the order denying the motion to withdraw plea, we do not reverse the judgment and sentence. The robbery to which Mr. Taylor and his code-fendants pleaded guilty was an offense punishable by life in prison. The ambiguity in this plea agreement entitles Mr. Taylor to withdraw his plea, but that same ambiguity means that he is not entitled to enforce the agreement against the State. If Mr. Taylor withdraws his plea, which resulted in this relatively short sentence, he has no guarantee that his circumstances will improve. Accordingly, we give Mr. Taylor the ability to consult with his counsel on remand to determine whether he continues to wish to withdraw from this plea. If he chooses to pursue his request to withdraw his plea on remand, the trial court should grant the motion and conduct further proceedings on the charges. Otherwise, he should file a notice of withdrawal of the motion. On remand, the trial court may set a reasonable time for Mr. Taylor to make his decision. It may be necessary for the court to reappoint counsel for Mr. Taylor.
Reversed and remanded.
WALLACE and BLACK, JJ., Concur.

. Mr. Sanchez’s appeal involved a discrepancy between his oral and written sentence, an issue that is not present in Mr. Taylor’s case. See Sanchez v. State, 124 So.3d 406 (Fla. 2d DCA 2013). It does not appear that Mr. Noriega appealed his judgment and sentence.

. This motion filed by Mr. Taylor is similar to a motion to withdraw plea filed pursuant to *885 Florida Rule of Criminal Procedure 3.850(a)(5), in that both allow a defendant to challenge the voluntariness of his plea after sentencing. See Dooley v. State, 789 So.2d 1082, 1084 (Fla. 1st DCA 2001); see also Robinson v. State, 792 So.2d 632 (Fla. 4th DCA 2001) (discussing possible involuntary plea due to ambiguity in plea form in a rule 3.850 context).