NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JACQUELINE DENISE SMALL,          )
                                  )
              Appellant,          )
                                  )
v.                                )          Case No. 2D16-725
                                  )
STATE OF FLORIDA,                 )
                                  )
              Appellee.           )
_____ )

Opinion filed April 18, 2018.

Appeal from the Circuit Court for Charlotte
County; George C. Richards, Judge.

Howard L. Dimmig, II, Public Defender,
and Christopher E. Cosden, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa,
for Appellee.


CRENSHAW, Judge.

Jacqueline Small appeals her convictions for sale of a controlled

substance and possession of a controlled substance with intent to sell.  Small initially

pleaded no contest to the sale charge in exchange for the State nolle prossing the

possession charge, but she later withdrew her plea and proceeded to trial on both charges. She now contends that the trial court committed fundamental error by allowing the State to proceed to trial on the possession charge, which had been nolle prossed, without filing a new information. Because the trial court did not err in allowing the State to proceed on the original information after Small had withdrawn her negotiated plea, we affirm.

A plea agreement is a contract between a defendant and the State, to which ordinary rules of contract law apply. See Churchill v. State, 219 So. 3d 14, 18 (Fla. 2017) (citing Garcia v. State, 722 So. 2d 905, 907 (Fla. 3d DCA 1998)). It is a well-established principle of contract law that one party's material breach relieves the other party of his obligations under the contract. See Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 14 (Fla. 2d DCA 2015). Accordingly, this court has recognized on numerous occasions, that a defendant cannot enforce a plea agreement against the State after withdrawing a plea. See, e.g., Taylor v. State, 132 So. 3d 882, 885 (Fla. 2d DCA 2014) (reasoning that defendant could withdraw his plea, but could not enforce the plea agreement against the State); Ciambrone v. State, 938 So. 2d 550, 553 (Fla. 2d DCA 2006) (remanding to give defendant an opportunity to withdraw her plea but noting that "if she does so, neither she nor the State will be bound by the plea agreement"); Cornett v. State, 922 So. 2d 297, 299 (Fla. 2d DCA 2006) ("If [defendant] 'decides to withdraw his plea and not be bound by the plea agreement, the State, too, will not be bound by the plea agreement.' " (quoting Goins v. State, 889 So. 2d 918, 919 (Fla. 2d DCA 2004))); see also Guynn v. State, 861 So. 2d 449, 450-51 (Fla. 1st DCA 2003) ("The negotiated plea agreement placed obligations on both parties. . . . Having

- 2 -

accepted the benefits of the bargain . . . the defendant cannot, any more than any other contracting party, be relieved of the burden of his bargain.").  Hence, withdrawal from a plea agreement is a breach that excuses the State from its obligations under the agreement.

Of greater significance in this context is the fact that "[w]hen a plea of guilty or nolo contendere is withdrawn and accepted by the court, it is as if the plea had never been entered ab initio."  State v. Vasquez, 918 So. 2d 1016, 1017 (Fla. 2d DCA 2006) (quoting Williams v. State, 762 So. 2d 990, 991 (Fla. 4th DCA 2000)); see also Whitaker v. State, 881 So. 2d 80, 82 (Fla. 5th DCA 2004) ("When a defendant successfully challenges and is permitted to withdraw a plea of nolo contendere or guilty which was entered as a result of a plea bargain, the negotiated plea bargain is 'abrogated.' " (emphasis omitted)); Williams, 762 So. 2d at 991.  "The incentive to settle a case by plea bargaining or by an agreement not requiring a plea would quickly disappear if one party could renege on an agreement without any consequence."  State v. Simons, 22 So. 3d 734, 737 (Fla. 1st DCA 2009); see also Bell v. State, 262 So. 2d 244, 245 (Fla. 4th DCA 1972).  Allowing a defendant to renege on an agreement without consequence is certain to open the Pandora's Box the dissent brings up, by allowing for gamesmanship through the entry and withdrawal of pleas.  But, permitting the State "to proceed as if a plea had never been entered," King v. State, 870 So. 2d 69, 70 (Fla. 2d DCA 2003), forecloses the abuses the dissent's position invites.

As such, once the court permitted Small to withdraw her plea to the sale charge, the bargained for nolle prosse was likewise withdrawn, and the status quo ante restored.  Small, however, insists that because the State had entered the nolle prosse, it

was required to refile an information charging her with possession. We disagree. "[T]he only purpose of an indictment [or information] is to apprise a defendant of the charge against him. . . . An indictment or information . . . is nothing more or less than the vehicle by which the state charges that a crime has been committed." Dougan v. State, 470 So. 2d 697, 701 (Fla. 1985). Having been properly charged prior to entering the plea agreement, Small was fully aware of the charges against her, as well as the State's intention to prosecute her on these two offenses and thus—contrary to the dissent's position—she was accorded due process. As such, refiling the information would serve no meaningful purpose here. The withdrawal of the plea resulted in a return to the status quo that existed before the plea agreement was made, and the State was entitled to "proceed as if a plea had never been entered." King, 870 So. 2d at 70.

Small's argument that everything after the filing of a nolle prosse is a nullity, is of little merit on these facts. That argument ignores the subtle distinctions attendant to whether the nolle prosse was pursuant to a plea agreement, as is the case here, or was entered by the State at its own discretion for any reason. "When, as in the present case, the plea agreement involves 'charge bargaining,' if the plea is withdrawn the defendant must again face the original charge as it existed prior to the state's offer [to nolle prosse]." Fairweather v. State, 505 So. 2d 653, 655 (Fla. 2d DCA 1987); Gonzales v. State, 766 So. 2d 452, 454 (Fla. 3d DCA 2000) ("If the trial court permits the defendant to withdraw his plea, the State must be returned to the same position it was in before the plea agreement . . . .").

After withdrawing her plea, Small was returned to the position she was in before entering the plea, facing charges of sale of a controlled substance and

possession of a controlled substance with intent to sell, which the State had properly charged before Small had entered her plea—a fact the dissent attaches little importance to. The State was merely proceeding on the charges in the original information when it resumed its prosecution of Small. Small was not denied due process or prejudiced by the course of the proceedings—caused solely by her entry and subsequent withdrawal of a plea—and the interests of justice do not warrant a contrary finding. See Baker v. State, 4 So. 3d 758, 760 (Fla. 1st DCA 2009) (explaining the standard for fundamental error). Accordingly, we affirm.

Affirmed.


LaROSE, C.J., Concurs with opinion.
MORRIS, J., Dissents with opinion.

LaROSE, Chief Judge, Concurring.

I concur fully in the court's opinion rejecting Small's claim of fundamental error. Applying contract law principles to the plea agreement between the State and Small, the court properly concludes that upon the withdrawal of her plea, Small returned to the status quo ante and was subject to prosecution for the possession charge that the State nolle prossed solely in conjunction with the negotiated plea agreement. See generally Garcia, 722 So. 2d at 907 ("A plea agreement is a contract and the rules of contract law are applicable to plea agreements."); see also Geiger v. State, 532 So. 2d 1298, 1301 (Fla. 2d DCA 1988) ("[B]ecause this court has voided the plea bargain, Geiger must be returned to the position that existed before the bargain."). Quite simply, upon the successful withdrawal of her plea, Small returned to square one to face the State on all charges. See Geiger, 532 So. 2d at 1301; Fine v. State, 728 So. 2d 307, 308 (Fla. 5th DCA 1999) (explaining that if the defendant chooses to withdraw his plea, "[t]he [S]tate would then be free to prosecute a burglary count against Fine, which it nol prossed").

Maintaining that the State was required to refile the possession charge, the dissent relies on notions of due process and separation of powers. These doctrines, I recognize, are of the utmost constitutional import. However, in all due respect, the dissent's concerns are illusory in this case.

The trial court order granting Small's motion to withdraw her plea recited that the motion was granted "as it relates to case 13-683CF and 13-685CF [and the

cases] are returned to the trial docket."[1]  The dissent urges that we are encroaching on the State's prerogative to file charges.  But the record is devoid of any objection by the State to the trial court's order.  Moreover, relying on the same contract principles outlined by the court, the State maintains, before us, that the possession charge properly was reinstated upon the withdrawal of Small's plea.[2]  The parties returned to the same positions they occupied prior to the plea deal.  See Geiger, 532 So. 2d at 1301.  All bets were off.  Under these circumstances, I cannot agree that the court's decision impermissibly encroaches on the State's authority to prosecute crimes.  Cf. State v. Oestreich, 922 P.2d 1369, 1370-71 (Wash. Ct. App. 1996) (concluding that the trial court was entitled to treat "the original information as if it had been reinstated" when the parties treated it as if it had been reinstated and did not object "when the trial court reset trial on" the original counts).

Additionally, I am hard-pressed to conclude that Small suffered any due process injury.  When the trial court granted her motion in late July 2015, Small was aware that both offenses would return to the trial docket.  Thereafter, our record indicates that the parties engaged in discovery, attended pretrial conferences, and subpoenaed witnesses.  Trial began on January 20, 2016, six months after the withdrawal of her plea.  Small was represented at trial by counsel.  Contrary to the

[1]Although the trial court held a hearing on the motion to withdraw, our record contains no transcript of the hearing.  Thus, we can do little more than speculate as to any objections, concessions, reservations, or reinstatements made by the parties.  Without question, such speculations hardly form the basis for an appellate decision.  Yet, any objection to proceeding to trial on both charges should have been raised then.

[2]Curiously, the dissent concludes that there was no reinstatement in this case.  Without the transcript of the hearing on the motion to withdraw, such a conclusion is speculation or conjecture.  After all, the State could have reinstated the original information at that hearing.

dissent's stated concern, I cannot agree that Small was not on notice of the charges against her.

Even if the State, in an effort to create a cleaner record, should have refiled the possession information, I cannot say that its failure to do so under our facts constitutes a fundamental error so serious as to call into question the validity of the trial results.

MORRIS, J., Dissenting.

I am unable to join my esteemed colleagues' majority opinion in what is, to be sure, a valiant effort to achieve a just result in this case. But the road to the destination they have arrived at requires me to negotiate an obstacle which I will not hurdle—the doctrine of separation of powers.

As we know from the facts in this case, Small initially pleaded no contest to the charge of sale of a controlled substance. She did that pursuant to a negotiated plea wherein the State agreed to, and announced, a nolle prosse of count II of the information—possession of a controlled substance with intent to sell. Shortly thereafter, Small had a change of heart and moved to withdraw her plea, which the trial court granted. Subsequently, and without refiling the information reviving the previously nolle prossed possession count, the State renewed its prosecution of Small and obtained a

conviction after a jury trial on both offenses. The problem, of course, is that Small was convicted of possession without being charged with it.

How can that be? The majority resorts to contract law in an effort to justify the proposition that a criminal defendant can be prosecuted and convicted of a crime for which she was not charged. If it were only that simple. In their haste to justify a criminal conviction on an unfiled charge, the majority has side-stepped constitutional due process, the doctrine of separation of powers, the jurisdiction of the criminal court, and the concept of judicial immunity.

At its most basic level, constitutional due process requires the State to file an indictment or information so that a defendant is put on notice of the charges against her. See Fla. R. Crim. P. 3.140; Price v. State, 995 So. 2d 401, 404 (Fla. 2008) (citing art. 1, section 9, of the Florida Constitution). The decision to file a criminal charge is exclusively within the province of the executive branch acting by and through its duly elected agent, the state attorney of the judicial circuit with jurisdiction in the matter. See Valdes v. State, 728 So. 2d 736, 738-39 (Fla. 1999) (first citing article V, section 17, of the Florida Constitution, then citing Cleveland v. State, 417 So. 2d 653, 654 (Fla. 1982)). So too, the decision to nolle prosse a criminal charge is exclusively within the province of the relevant state attorney. See State v. Braden, 375 So. 2d 49, 50 (Fla. 2d DCA 1979); State v. Aguilar, 987 So. 2d 1233, 1234-35 (Fla. 5th DCA 2008). The judicial branch has absolutely no authority to either file or nolle prosse a criminal charge. See Valdes, 728 So. 2d at 739 ("[T]he judiciary cannot interfere with this 'discretionary executive function.' " (quoting State v. Bloom, 497 So. 2d 2, 3 (Fla. 1986))).

A nolle prosse operates as a dismissal of the charge, and any subsequent proceeding on the charge is a nullity. See State v. Vazquez, 450 So. 2d 203, 204 (Fla. 1984) (quoting Op. Att'y Gen. Fla. 058-169 (1958)); Davis v. State, 210 So. 3d 101, 103 (Fla. 2d DCA 2016) (first citing Aguilar, 987 So. 2d at 1234-35, then citing Sadler v. State, 949 So. 2d 303, 305 (Fla. 5th DCA 2007)). Once the State has entered a nolle prosse, as it did in this case, it may not "withdraw" the nolle prosse but must formally charge the defendant again by information or indictment. See Sadler, 949 So. 2d at 305. Because the State did not refile count two after it had nolle prossed it, Small's conviction on that count is a nullity.

Not only was Small's conviction on count two a nullity, the trial court did not have jurisdiction over count two after it was nolle prossed. "[J]urisdiction to try an accused does not exist under . . . the Florida Constitution unless there is an extant information [or] indictment . . . ." State v. Anderson, 537 So. 2d 1373, 1374 (Fla. 1989). When a court lacks jurisdiction, the question of judicial immunity arises and a trial judge may not be protected against personal liability for his or her handling of the case. See Fuller v. Truncale, 50 So. 3d 25, 27 (Fla. 1st DCA 2010) (citing Johnson v. Harris, 645 So. 2d 96, 98 (Fla. 5th DCA 1994)). Although a very serious matter, the majority seems unconcerned about possibly opening up this Pandora's Box by their opinion, which could serve as a trap for an unwitting judge.

All the State needed to do to prosecute Small on the possession charge was simply refile the original information charging her with the offense. Certainly, the circumstances did not prevent the State from refiling because the negotiated plea operated as a tolling event both for purposes of the statute of limitations and the speedy

trial rule. See Geiger v. State, 532 So. 2d 1298, 1301 (Fla. 2d DCA 1988) (holding that where the State nolle prossed charges as a result of a negotiated plea with the defendant involving other charges but the defendant is later permitted to withdraw her plea to the other charges, the statute of limitations and speedy trial rule will not prevent the State from proceeding on the charges that had been nolle prossed); Kehn v. State, 44 So. 3d 640, 640-41 (Fla. 5th DCA 2010) (rejecting defendant's argument that the statute of limitations and speedy trial rule prohibited his prosecution on a charge after he successfully moved to withdraw his plea to the charge). I note that the State relies on Geiger in support of its argument that the State was not required to refile a new information in this case. But in Geiger, this court did not presume that the nolle prossed charges would automatically be revived after the withdrawal of the defendant's plea. Rather, we recognized the requirement of a charging instrument and "direct[ed] that the original informations be reinstated." 532 So. 2d at 1301.[3] Assuming that reinstatement would solve the problem, no such reinstatement occurred in this case.

The separation of powers doctrine prohibits one branch of government from "encroach[ing] upon the powers of another." Whiley v. Scott, 79 So. 3d 702, 708 (Fla. 2011) (quoting Bush v. Schiavo, 885 So. 2d 321, 329 (Fla. 2004)). Encroachment by one branch of government on the exclusive authority of another is no small matter.[4]

_____

[3]In Geiger, 532 So. 2d at 1301, this court directed the reinstatement of the original informations without citing any legal authority, and I question whether this court could do so when the exclusive authority to file informations rests with the executive branch.

[4]James Madison warned us early on about the importance of the separation of powers: "The accumulation of all powers, legislative, executive, and judiciary, in the same hands, whether of one, a few, or many, and whether hereditary,

Accordingly, I am unable to join the majority. I would reverse the trial court's conviction of Small on possession of a controlled substance (count II) because it was achieved without lawful authority.

---

self-appointed, or elective, may justly be pronounced the very definition of tyranny."
The Federalist No. 47, at 301 (James Madison) (Clinton Rossiter ed. 1961).